Chester C. **WHITE**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 18402.

United States Court of Appeals
Eighth Circuit.

Nov. 10, 1966.

James U. Mellick, St. Louis, Mo., for appellant.

John A. Newton, Asst. U. S. Atty., St. Louis, Mo., for appellee. Richard D. FitzGibbon, U. S. Atty., St. Louis, Mo., with him on the brief.

Before VAN OOSTERHOUT and GIBSON, Circuit Judges, and REGISTER, District Judge.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal in forma pauperis by Chester C. White, hereinafter called defendant, from final order dismissing his 28 U.S.C.A. § 2255 motion to vacate sentence. Defendant, after a trial by jury in August 1963, was convicted on all four counts of an indictment charging narcotics violations. Being a second offender, defendant received a concurrent sentence of fifteen years upon each count. We affirmed upon appeal. White v. United States, 8 Cir., 330 F.2d 811.

Defendant's motion now before us is based upon his contention that he was mentally incompetent to understand the nature of the proceedings against him or to assist counsel in the preparation of his defense at the time of his August 1963 trial resulting in his conviction.

Judge Meredith, who presided at the trial resulting in the conviction and who presided at this proceeding, appointed counsel to represent defendant and accorded defendant a full evidentiary hearing at which defendant testified. At the conclusion of such hearing, Judge Meredith made findings of fact concluding that defendant "was mentally competent during the trial and during the time of preparation for trial; that he understood the charges against him and was able to participate in his defense." Upon the basis of such findings, the court by order filed February 15, 1966, overruled the motion to vacate sentence. On February 17, 1966, defendant's motion for rehearing was denied. This appeal followed.

Defendant's competency to stand trial was not raised in the trial resulting in his conviction nor has any certificate contemplated by 18 U.S.C.A. § 4245 been filed. Under such circumstances, jurisdiction existed in the trial court to determine defendant's competency to stand trial at the time of the trial resulting in his conviction. Wheeler v. United States, 8 Cir., 340 F.2d 119, 121; Taylor v. United States, 8 Cir., 282 F.2d 16, 21; Simmons v. United States, 8 Cir., 253 F.2d 909, 912.

The sole issue presented by this appeal is whether the trial court's finding that defendant was competent at the time of his trial is clearly erroneous. We find the trial court's findings to be

based upon substantial evidence and in no way induced by any erroneous view of the law. We affirm.

We have carefully examined the entire record of the original trial and of the hearing upon the motion. We deem it unnecessary to discuss the evidence in detail. Defendant's claim of incompetency is based upon his contention that he was a narcotics addict and that at the time of his trial he had received through fellow inmates some narcotics but not enough to satisfy his habit and as a result he suffered withdrawal symptoms during the trial. Defendant testified that he frequently requested narcotics from the prison doctors but that all such requests were denied.

Defendant's army records, dating prior to 1944, were received in evidence and show some narcotics addiction and contain a classification, "Constitutional psychopathic state, inadequate personality manifested by drug addiction." The record shows no extensive hospital confinement.

■ Defendant at the trial resulting in his conviction on direct examination testified that he had been in jail continuously since his arrest in March 1963 up to the time of his trial in August 1963, and that he had had no narcotics since his arrest. At the hearing upon the motion, defendant testified that he had illegally received narcotics frequently while in jail in exchange for cigarettes and small favors and that he had not given such testimony at his trial because of fear of reprisal by his fellow prisoners. Such testimony in no way is corroborated. The trial court committed no error in refusing to credit such testimony given by an interested witness which was directly opposed to the testimony he had previously given.

■ The standards to be applied in determining the issue of competency to stand trial are well-stated by Judge Blackmun in Feguer v. United States, 8 Cir., 302 F.2d 214, 236 to 240. As there stated, "Presence of a mental illness does not equate with incompetency to stand trial."

In United States v. Tom, 2 Cir., 340 F.2d 127, the court accepted defendant's statement that he was taking narcotics at the time of his trial and in the course of its opinion upholding the trial court's determination of competency, states:

"But the record does not show, and we have no reason to believe that the use of narcotics *per se* renders a defendant incompetent to stand trial. Whether it had such an effect in this case was an issue of fact, as to which the petitioner had the burden of proof." 340 F.2d 127, 127–128.

See Johnston v. United States, 10 Cir., 292 F.2d 51.

Included in the evidence supporting competency is the testimony of defendant's court-appointed counsel who in effect stated that he had numerous extended conferences with the defendant prior to the trial and that as a result of his observations of defendant on such occasions and at the trial, he was of the opinion that defendant was competent to stand trial.

The medical staff at Leavenworth Penitentiary, who examined defendant at the request of his counsel, upon the basis of their examination of defendant in 1965 and after a review of the military record and other medical records presented by the defendant, expressed the opinion that the defendant at the time of his trial was able to understand the charges against him and to assist in his defense.

Judge Meredith observed in his memorandum opinion that the defendant testified at length at his trial on his own behalf and that his answers were responsive and indicated a well-oriented person who is able to give detailed testimony on his own behalf. The judge further observed that he saw no indication that the defendant was under the influence of drugs or suffering from withdrawal.

Defendant has failed to demonstrate that the court committed error in denying his motion.

Affirmed.