Raleigh R. POWELL, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 20102.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 10, 1966.

Decided Dec. 28, 1966.

Petition for Rehearing en Banc
Denied March 3, 1967.

Mr. Edwin R. Schneider, Jr., Washington, D. C. (appointed by this court), for appellant.

Mr. Theodore Wieseman, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Donald S. Smith, Asst. U. S. Attys., were on the brief, for appellee. Mr. Charles A. Mays, Asst. U. S. Atty., also entered an appearance for appellee.

Before DANAHER, Circuit Judge, EDWARDS,* Circuit Judge of the United States Court of Appeals for the Sixth Circuit, and TAMM, Circuit Judge.

PER CURIAM:

The appellant was convicted and sentenced for grand larceny after a jury trial. On appeal he claims that the trial judge should have granted a hearing *sua sponte* at trial on the issue of his mental competence to stand trial. He relies upon Hansford v. United States, 124 U.S.App.D.C. 387, 365 F.2d 920 (1966).

Approximately five months before this trial there was a statutory hearing under D.C.CODE § 24–301(a) (1961) on appellant's mental competence to stand trial. This resulted from appellant's pretrial motion filed by his then court-appointed counsel. This motion was filed May 12, 1965. After a hearing before the District Court, appellant was committed to St. Elizabeths Hospital for a 60-day mental examination. The Acting Superintendent's report, dated September 21, 1965, informed the court that the appellant at material times had not been

"suffering from mental disease or defect, but he was suffering from drug addiction which is in remission."

On October 5, 1965, without objection from appellant's trial counsel, the Dis-

---

* Sitting by designation pursuant to 28 U.S.C. § 291(a).

trict Court found that appellant was mentally competent to stand trial. Trial was then held on February 7, 1966, and appellant was found guilty by the jury.

It is appellant's contention before us that the delay between October 5, 1965 and February 7, 1966, where the court knew from the prior St. Elizabeths report that defendant "was suffering from drug addiction which is in remission" was sufficient to advise the trial judge of the possibility that defendant might be under the influence of drugs during the course of the trial. Appellant asserts that these facts, standing alone, were sufficient to require another hearing on mental competence.

In *Hansford,* supra, there had also been a pretrial statutory hospital examination and report, and a determination of Hansford's mental competence to stand trial. But otherwise, the record in this case does not match the factual record in *Hansford.* In the instant case the defendant did not testify and hence did not supply any evidentiary basis for such a hearing in his own testimony. There was no expert testimony in this case which served to put the trial judge on notice as to any abnormal mental condition on the part of defendant. The defendant-appellant did not seek such a hearing either by motion or otherwise.

Additionally, there was no evidence of a long record of disturbed behavior such as to create a doubt of appellant's competence to stand trial. Cf. Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed. 2d 815 (1966). And in this case appellant had never been adjudged to be of unsound mind nor had he been civilly committed. Cf. Whalem v. United States, 120 U.S.App.D.C. 331, 346 F.2d 812 (en banc), cert. denied, 382 U.S. 862, 86 S.Ct. 124, 15 L.Ed.2d 100 (1965).

In *Hansford* it is recognized that there must be facts which create a "substantial doubt" of a defendant's mental competence before due process requires the trial judge to order such a hearing *sua sponte.*

Affirmed.

## ON PETITION FOR REHEARING EN BANC

Before BAZELON, Chief Judge, and FAHY, DANAHER, BURGER, WRIGHT, McGOWAN, TAMM, LEVENTHAL and ROBINSON, Circuit Judges, in Chambers.

## ORDER

PER CURIAM

On consideration of appellant's petition for rehearing *en banc,* it is

Ordered by the court *en banc* that appellant's aforesaid petition is denied.

BAZELON, Chief Judge:

This case involves a defendant who apparently has had a very long history of drug addiction. The trial judge, without a hearing, found him competent to stand trial. Saint Elizabeths Hospital's report, which was the basis of the judge's finding, did not discuss the relationship between this extended drug addiction and the defendant's competency. The case presents another facet of the problem we will be facing in Green v. United States (No. 20,288, en banc). I think we should consider the cases together. Therefore, I would either grant this petition for rehearing and consolidate this case with Green v. United States or defer action on this motion until *Green* is decided.