Theodore **GRENNETT**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 21344.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 19, 1968.

Decided May 20, 1968.

Mr. Forbes W. Blair, Washington, D. C. (appointed by this court), for appellant.

Mr. Joel M. Finkelstein, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Oscar Altshuler, Asst. U. S. Attys., were on the brief, for appellee.

Before BURGER, LEVENTHAL and ROBINSON, Circuit Judges.

LEVENTHAL, Circuit Judge:

On March 21, 1966, appellant was brought to trial on a five count indictment charging violations of the Federal narcotics laws growing out of two illegal transactions. After the jury was impaneled, appellant changed his plea from not guilty to guilty on one count. The plea was accepted after the court carefully apprised appellant of the consequences it involved. Appellant, who had been free on bail prior to his trial, remained free until May 6, 1966, when he was sentenced to imprisonment for a two to six year term.

Following incarceration, appellant petitioned the sentencing court to vacate his conviction under 28 U.S.C. § 2255 (1964) on the grounds, *inter alia*, that the plea of March 21 was involuntarily made and/or was entered while appellant was incompetent. In the hearing that ensued appellant testified that on the evening of March 20 he had taken

several doses of narcotics, and that on the very morning of his guilty plea he had taken heroin and methedrine. To corroborate his claim that he was under the influence of narcotics at the time of the plea, appellant elicited testimony from his mother and his bail bondsman who both said that appellant displayed certain symptoms on the morning of the proceedings on March 21 which they considered indicative of the influence of drugs. These supposedly tell-tale symptoms included scratching his arm, "nodding," "slobbering from the mouth," and "stepping high."

Also submitted at the hearing were sketchy medical reports based on examinations of appellant made while he was in jail awaiting bail and spanning the period from arrest through sentencing. In addition to periodic notations of commitment for these alleged offenses, the hospital records indicated that on October 8, 1965 (five months before the guilty plea), appellant admitted use of heroin and had old and new needle marks on his forearm. However, a month before the plea, on February 17, 1966, the hospital records reported that appellant "[d]enies drug addition. Has old needle marks still present right arm. No withdrawal." The final medical record was dated May 11, 1966 (a week after sentencing) and contained the notation: "Admits to use of heroin for last two or three years, stating he takes about four pills at a time twice a day and that last dose was about a week ago."

■ This is an appeal from the denial of appellant's motion under § 2255 to vacate the judgment. Appellant's first argument is that he produced sufficient evidence at the hearing to demonstrate that he was under the influence of narcotics when he entered his guilty plea and that it follows from this fact that he was incompetent at the time of plea.[1] His second contention is that he was denied due process of law because the judge who accepted the guilty plea erroneously failed to order, *sua sponte*, a competency hearing.[2]

■■ In rejecting the first contention, the District Court concluded that appellant "failed to sustain his burden of proving that at the time of plea he was under the influence of narcotics and was therefore mentally incompetent to enter his plea." We do not stop to evaluate the evidence in order to appraise this finding against a clearly erroneous standard because we believe that even if appellant's evidence suffices to show that he was using narcotics to some extent at the time of plea, he has failed to prove by a preponderance of the evidence, as he is obliged to do in a collateral proceeding,[3] that his condition of being under the influence of narcotics at the relevant time was accompanied by incompetence to stand trial or incapacity to understand the nature and consequences of his plea.

■ For the due process requirement that a criminal defendant be competent to stand trial, the "test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding— and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). The Rules further provide that

1. "[T]he conviction of an accused person while he is legally incompetent violates due process, Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956) * * *" Pate v. Robinson, 383 U.S. 375, 378, 86 S.Ct. 836, 838, 15 L. Ed.2d 815 (1966).

2. *See, e. g.*, Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836 (1966); Powell v. United States, 125 U.S.App.D.C. 364, 373 F.2d 225 (1966), rehearing *en banc* denied (1967); Hansford v. United States, 124 U.S.App.D.C. 387, 365 F.2d 920 (1966), rehearing *en banc* denied (1966); Pouncey v. United States, 121 U.S.App.D.C. 264, 349 F.2d 699 (1965).

3. McNair v. United States, 98 U.S.App.D.C. 359, 235 F.2d 856 (1956), cert. denied, 352 U.S. 989, 77 S.Ct. 389, 1 L.Ed.2d 368 (1957).

a plea of guilty cannot be accepted unless the judge determines "that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea." FED.R.CRIM. P. 11. In our view, evidence of some narcotics use is not sufficient to establish as a matter of law that defendant lacks either competency to stand trial[4] or the capacity to understand the nature and consequences of a guilty plea.[5]

Appellant's second assertion is that he was denied due process by the trial court's failure to hold on its own motion a hearing on his competency at the time of the plea. Appellant argues alternatively that the trial court knew that he was a current narcotics user, should have known that he was because of the nature of the offense, or can be held to have known this because of the medical records which were in the Government's possession. It is contended that on the basis of this knowledge of narcotics use, either actual or imputed, the court had the responsibility to hold a *sua sponte* hearing. We disagree.

■ Appellant has not made any showing that the trial court actually knew that he administered a large dose of narcotics to himself a short time before the proceedings.[6] The crimes with which appellant was charged related to trafficking in narcotics and the trial proceedings did not progress far enough to develop any proof of use. There was no indication to the trial court by either appellant or his counsel regarding current use. It is not suggested that the witnesses at the § 2255 hearing, who recalled indications perceptible to them of appellant's use of narcotics at time of trial, communicated this at that time either to his counsel or in any other way. The alleged symptoms described by witnesses were not bizarre or necessarily calculated to alert a trial judge that appellant was currently using drugs.

Appellant relies on certain medical reports. Apart from the question whether they were in the court file at the time of plea, what was related in the most recent report prior to the plea was appellant's denial of addiction and a notation that needle marks seen on appellant at that time were all old. Obviously there is no basis for inferring prosecutorial abuse from the fact of Government possession of this report.

■ While we need not and do not decide whether a trial court is required to hold a competency hearing when it has knowledge that the defendant is using narcotics,[7] that is obviously the prudent course to guard against the danger of receiving a guilty plea from, or putting to trial, a defendant whose faculties

4. United States v. Tom, 340 F.2d 127 (2d Cir. 1965) (per curiam): "[T]he record does not show, and we have no reason to believe, that the use of narcotics *per se* renders a defendant incompetent to stand trial." *Accord*, White v. United States, 367 F.2d 788 (8th Cir. 1966); Holmes v. United States, 323 F.2d 430 (7th Cir. 1963), cert. denied, 376 U.S. 933, 84 S.Ct. 704, 11 L.Ed.2d 652 (1964); Wood v. United States, 251 F.Supp. 310 (W.D.Va. 1966). *See generally* Annot., 83 A.L.R. 2d 1067 (1962). *Compare* Heard v. United States, 121 U.S.App.D.C. 37, 38, 348 F.2d 43, 44 (1964), rehearing *en banc* denied (1965); Hansford v. United States, *supra* note 2.

5. Prior to accepting appellant's plea, the trial court carefully inquired of appellant whether he comprehended the proceedings, and received affirmative responses. At the § 2255 hearing, appellant denied what he had earlier admitted, claiming that he did not possess the requisite understanding. This latter claim was rejected, and we do not believe the determination was clearly erroneous.

6. *Compare* Powell v. United States, *with* Hansford v. United States, both *supra* note 2.

7. That question is still an open one in this jurisdiction. In Hansford v. United States, 124 U.S.App.D.C. 387, 365 F.2d 920 (1966), *rehearing en banc denied by an evenly divided court* (1966), there were four votes to grant rehearing en banc. The author of this opinion voted to deny rehearing en banc, but accompanied that vote with a statement that began:

"In voting to deny the Government's petition for rehearing en banc, I note

may be impaired by drugs.[8] In the case at bar, however, appellant has failed to demonstrate that the trial court knew of or should reasonably have been alerted to, his current use of drugs.[9] Where significant evidence does come to the attention of the trial court due process may require that a competency hearing be ordered *sua sponte*.[10] It may be that in other cases sound discretion of the trial court will lead to a hearing, whether or not one is required by the Constitution, if the circumstances signify doubt of competency.[11] On the facts spread before us we cannot conclude that the trial judge committed collaterally cognizable error in failing to order a competency hearing before accepting the plea of guilty.

Affirmed.

that I do not consider the decision of the division to be determinative on the issue whether a competency hearing is required when the only evidence before the judge is that the defendant is taking drugs. The case at bar is one where the evidence brought before the judge certain facts which at the very least unsettled any inference available from the defendant's lucidity and apparent rationality. These facts include, importantly: The court-appointed psychiatrist found that this defendant had an acute brain syndrome under conditions of narcotic usage, on the occasion of each of the three pre-trial examinations. St. Elizabeths had never examined defendant while under the influence of narcotics. The acute brain syndrome is such as to preserve a general degree of present orientation, but to grossly impair memory recall. Last but not least, the expert testimony of record reveals that the existence of an acute brain syndrome is not readily observable."

8. As a minimum it would seem appropriate for the trial judge to exercise his discretion under 24 D.C.Code § 301 (1967) and order a competency examination of a defendant who is reasonably suspected of being an addict.

9. *Accord,* Powell v. United States, *supra* note 2.

10. Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836 (1966).

11. Green v. United States, 128 U.S.App.D. C. 408, 389 F.2d 949 (1967) (*en banc*). *See* Whalen v. United States, 120 U.S. App.D.C. 331, 346 F.2d 812 (1965) (*en banc*).

It may be possible to provide a contemporaneous competency determination without interrupting or delaying the proceedings, *see* unpublished statement of concurring judge voting to deny rehearing *en banc* in Hansford v. United States, *supra* note 6.