**James Milton LEWIS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 75–1891.

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1976.

Decided March 18, 1976.

Certiorari Denied Oct. 4, 1976.

See 97 S.Ct. 105.

Thomas M. Bradshaw, Asst. Federal Public Defender, W.D.Mo., Kansas City, Mo., filed brief for appellee.

Bert C. Hurn, U.S Atty., and J. Whitfield Moody, Asst. U.S. Atty., Kansas City, Mo., filed brief for appellee.

Before LAY, ROSS and STEPHENSON, Circuit Judges.

PER CURIAM.

Appellant filed a pro se motion under 28 U.S.C. § 2255 seeking to set aside his 1973 conviction after a jury trial finding him guilty on two counts of possession with intent to distribute heroin and one count of distribution of heroin, in violation of 21 U.S.C. § 841(a)(1). Sentence was imposed

---

of 12 years imprisonment and 6 years special parole on each count, to run concurrently.[1] Appellant's conviction was affirmed on appeal by this court in an unpublished opinion. *United States v. Lewis,* No. 73–1546 (8th Cir., February 28, 1974).

In the instant section 2255 matter, the Honorable William H. Becker, Chief Judge, Western District of Missouri, appointed counsel and held an evidentiary hearing on appellant's claim that he was incompetent to stand trial at the time of his jury trial and conviction in 1973 because of his addiction to narcotics.

The court, in denying appellant's motion to vacate his conviction, found that the evidence failed to support appellant's contentions

> that he was incompetent because of narcotics addiction when he entered his plea of not guilty and was tried by a jury and convicted; that in fact the evidence affirmatively shows by a preponderance thereof that he was competent, although he was using drugs in a manner that did not impair his ability to understand the nature of the proceedings and to assist his counsel in his defense.

■ Appellant's competency to stand trial was not raised in the trial resulting in his conviction and therefore was a cognizable claim under 28 U.S.C. § 2255. *White v. United States,* 367 F.2d 788 (8th Cir. 1966); *Hayes v. United States,* 305 F.2d 540 (8th Cir. 1962). The sole issue before us is whether the trial court's finding of competency is clearly erroneous.

■ Appellant's evidence consisted almost entirely of his own testimony with respect to his use of narcotics prior to and during the trial and up to the time of sentencing during which time he was free on bond. He also offered the testimony of Dr. Valins, who examined him on September 22, 1975. The latter concluded that although appellant was aware of the nature of the charges pending against him in the criminal case in 1973, he was not able to assist his attorney in his defense as a result of heroin addiction and depression. Dr. Valins' opinion was largely based upon the statements made to him by appellant during the course of the examination in 1975.

Attorney Gad Smith, who represented appellant in the instant trial, and attorney Robert Adelman, who represented appellant in another case during a portion of the same period, both testified they had no problems communicating with appellant or obtaining his cooperation in preparing for hearings on the motion to suppress and in the trial of the narcotics case.[2]

■ The use of narcotics does not per se render a defendant incompetent to stand trial. *White v. United States, supra,* 367 F.2d at 790. *See also United States ex rel. Fitzgerald v. LaVallee,* 461 F.2d 601, 602 (2d Cir. 1972); *Grennett v. United States,* 131 U.S.App.D.C. 202, 403 F.2d 928 (1968). In the instant case we are satisfied that the trial court's finding of competency to stand trial is amply supported by the record and is not clearly erroneous.[3]

Affirmed.

---

1. The Honorable Bruce M. Van Sickle, United States District Judge for the District of North Dakota, sitting by designation.

2. Judge Becker heard motions to suppress in both the instant narcotics case and a stolen mail case on January 9, 1973. The motion was denied in the narcotics case and sustained in the mail case. Attorney Adelman actively represented appellant in the mail case during the period November 1972—January 1973. He ac-

tually continued as appellant's counsel until the government dismissed the mail charge in April 1973.

3. We have examined the pro se letter-motion of appellant addressed to appellant's attorney, Thomas Bradshaw, and filed with the court requesting that the evidentiary hearing be reopened and find that it was properly denied by the district court.