**Luther P. HOLMES, Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 13797, 14267.**

District of Columbia Court of Appeals.

Argued Aug. 7, 1979.

Decided Dec. 21, 1979.

Kenneth E. Labowitz, Alexandria, Va., appointed by the court, for appellant.

Harold L. Cushenberry, Jr., Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., Washington, D. C., at the time the brief was filed, and John A. Terry, Michael W. Farrell and E. Thomas Roberts, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before NEBEKER, HARRIS and MACK, Associate Judges.

PER CURIAM:

In this appeal from both 1) a conviction by the trial court for armed robbery,[1] and 2) the denial of a motion for a new trial, appellant contends that his conviction must be reversed because of the failure of the trial court to raise sua sponte, the issue of his competence to stand trial. We affirm.

In appellant's motion for a new trial, filed with the trial court after noting the appeal of his conviction to this court, he alleged that he had been deprived of his Sixth Amendment right to confront witnesses at trial because of his marijuana intoxication at the time. The trial court, after hearing testimony from appellant and his trial counsel (and a proffer from appellant as to the general effects of marijuana on individuals under stress) denied the motion stating:

> The Court is not convinced beyond the preponderance of evidence that the defendant has made his position credible and is not satisfied that he was, indeed, under the influence of any matter, including marijuana; and that he was not denied a defense. He assisted his counsel throughout the trial; he discussed strategy; he had a right to confront witnesses; he was knowledgeable and his intense recollection of even the position of testifying of the witnesses; he did participate in the proceeding; he did testify; and even if he had been under the influence of marijuana, the Court finds nothing to bolster that position; the Court finds absolutely nothing to suggest that he was anything other than able to vividly participate in the proceedings.

There shall be no new trial granted by this Court.

1. D.C.Code 1973, §§ 22–2901, –3202.

Appellant does not question in this court that the trial court's finding on the motion for a new trial is supported by evidence both sufficient and relevant to the test for determining competency—that is, that there was sufficient then-present ability to rationally consult with one's attorney and to factually understand the nature of the proceedings against one. *See Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). Appellant likewise does not question that the trial court has wide discretion in determining competency to stand trial (*Clyburn v. United States*, D.C. App., 381 A.2d 260 (1977), *cert. denied*, 435 U.S. 999, 98 S.Ct. 1656, 56 L.Ed.2d 90 (1978), as well as in deciding motions for a new trial. *See Poteat v. United States*, D.C. App., 363 A.2d 295, 296–97 (1976). Rather he argues that the trial court had the duty at trial sua sponte (under both statutory[2] and judicial authorities[3]) to conduct a full competency hearing and that the failure to do so is a breach of constitutional duty which may be remedied only by a new trial.

■ Appellant is, of course, correct in his assertion that where there is evidence raising a substantial doubt as to a defendant's competency to stand trial, the trial judge is under a constitutional duty to order a hearing sua sponte. *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); *Clyburn v. United States, supra; Hansford v. United States*, 124 U.S.App. D.C. 387, 365 F.2d 920 (1966); *Grennett v. United States*, 131 U.S.App.D.C. 202, 403 F.2d 928 (1968). We differ with appellant, however, in his assumption here that there was sufficient evidence before the trial court to raise such a substantial doubt.

The only matter bearing upon this issue, surfacing during an otherwise routine trial, was the trial court's own observation of appellant's behavior in smiling on a number of occasions. The court at the conclusion of trial inquired of defense counsel if there were any suggestion that defendant had emotional problems (as opposed to merely registering nervousness)[4] and was assured by counsel in the negative. Nevertheless the court, with sensitivity and concern, ordered that a psychiatric examination be conducted post-trial (an examination culminating in a report certifying competence). Appellant, however, points to the fact that, also at the conclusion of trial, a pipe was taken from the defendant that, according to the Marshal, had a strong smell of marijuana.

■ Evidence of some drug use is not sufficient to establish as a matter of law that a defendant lacks competence to stand trial; nevertheless it is true that the issue of whether a trial judge who has knowledge that a defendant is using narcotics is required to hold a competency hearing is an open question in this jurisdiction. *See Grennett v. United States, supra* at 205, 403 F.2d at 931. The "open question," however, has arisen in cases where evidence before the court leaves no doubt of narcotics use raising the possibility of impairment. Thus in *Hansford v. United States, supra*, there was evidence of a life history of narcotics use and addiction, assertions of use throughout trial and evidence raising the possibility of withdrawal symptoms. The evidence here, that there was a smell of marijuana on an item found after trial in the possession[5] of a defendant who smiled

---

2. *See* D.C.Code 1973, § 24–301(a).

3. *See Drope v. Missouri*, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975).

4. The court explained its reason for inquiring as follows:

Sometimes people are nervous and that's the way they register it and it comes out in a way maybe we are not accustomed to, so I didn't make too much moment of it, but that, coupled with the testimony we heard from the Government witnesses, who were indeed

most credible, were enough to suggest that I wanted a psychiatric examination prior to sentencing.

I asked you right now while things are fresh in your mind how your feelings were. He certainly presents himself in a manner that doesn't show any obvious overtones other than the smiling, but I wanted to touch on that with you.

5. Both appellant and defense counsel testified at the hearing on the motion for a new trial that appellant told counsel that he had found the pipe.

during trial "could not reasonably give rise . . . to an obligation" on the part of the trial judge to conduct a competency hearing. *See Clyburn v. United States, supra* at 263. Each subsequent event (albeit hindsight) including the competency report, the raising of the claim for the first time five months after trial, and the testimony taken at the hearing on the motion for a new trial, has borne out the reasonableness of the trial court's action. We will not order a new trial under these circumstances. Accordingly, the judgment and order on appeal are

*Affirmed.*