# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1210

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Northern |
| v. | * | District of Iowa. |
| | * | |
| Charles Swarzentruber, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 15, 2004
Filed: November 18, 2004

_____

Before MURPHY, HANSEN and MELLOY, Circuit Judges.

_____

PER CURIAM.

Charles Swarzentruber was convicted by a jury of multiple drug and firearm offenses and sentenced to 188 months imprisonment. He seeks a new trial, contending that the district court[1] should have sua sponte ordered a competency hearing after he tested positive for methamphetamine during trial and that his attorney's failure to request such a hearing denied him effective assistance. We affirm.

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

Swarzentruber was indicted on three counts of distributing methamphetamine, two counts of possessing the drug with an intent to distribute, and one count of possessing a firearm while unlawfully using drugs. On the first day of trial, two witnesses testified they had obtained methamphetamine from Swarzentruber the prior week, and one said he had used the drug with Swarzentruber during the past year. Because one of the conditions of Swarzentruber's pretrial release was not to use illegal substances, he was given a drug test which returned positive for methamphetamine. After the district court observed that Swarzentruber exhibited no outward signs of impairment and confirmed that he was able to communicate effectively with his lawyer, the trial proceeded.

Swarzentruber argues that due process requires a hearing whenever sufficient doubt is raised about a defendant's competency at trial, Griffin v. Lockhart, 935 F.2d 926, 929 (8th Cir. 1991), and that the district court erred by not holding such a hearing. The factors to be considered in deciding whether a hearing is necessary include evidence of irrational behavior, the defendant's demeanor at trial, and any prior medical opinions concerning the defendant's competency. Id. at 930. None of these factors raised doubt as to Swarzentruber's competency at the time of trial, for the record reveals no irrational behavior and the court made findings to the contrary. The use of drugs "does not per se render a defendant incompetent to stand trial." Lewis v. United States, 542 F.2d 50, 51 (8th Cir. 1976), cert. denied, 429 U.S. 837 (1976). Swarzentruber has not shown that the court erred by not holding a competency hearing or that his due process rights were violated.

Swarzentruber also argues that his trial counsel's failure to request a competency hearing denied him effective assistance. This claim is premature on direct appeal. See United States v. Jackson, 41 F.3d 1231, 1234 (8th Cir. 1994).

The judgment of the district court is affirmed.

_____