James Milton LEWIS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 78–1260.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 17, 1978.

Decided Oct. 20, 1978.

Rehearing and Rehearing En Banc
Denied Nov. 13, 1978.

916

James Milton Lewis, pro se.

Ronald S. Reed, Jr., U. S. Atty., and J. Whitefield Moody, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before LAY, BRIGHT and ROSS, Circuit Judges.

LAY, Circuit Judge.

On August 9, 1973, James Milton Lewis was convicted on one count of possession of heroin with intent to distribute, a second count of possession of heroin and cocaine with intent to distribute and a third count of distribution of heroin, all in violation of 21 U.S.C. § 841(a)(1). He received 12-year concurrent sentences. His conviction was

affirmed in an unpublished opinion, *United States v. Lewis,* No. 73–1546 (8th Cir. Feb. 28, 1974).

On January 5, 1978, petitioner filed his fifth motion pursuant to 28 U.S.C. § 2255,[1] alleging (1) ineffective assistance of trial counsel, and (2) that parole guidelines promulgated subsequent to the imposition of the sentences imposed by the trial judge[2] rendered his sentencing invalid.[3] The trial judge denied the motion without a hearing, holding that (1) the allegations of ineffective assistance of counsel constituted a second motion for similar relief which had been denied previously by then Chief Judge William H. Becker in a previous case, and (2) after examination of the files and records of the original cases, the sentences imposed were proper, reasonable and just. This appeal followed.

Petitioner's claim of ineffective assistance of counsel was dismissed by the district court without a hearing because "this issue was presented in an earlier petition and denied." On appeal, both petitioner and the government identify *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), as controlling. That decision holds in pertinent part the following:

> Controlling weight may be given to denial of a prior application for federal habeas corpus or § 2255 relief only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application.

*Id.* at 15, 83 S.Ct. at 1077.

*See also Wilwording v. Swenson,* 502 F.2d 844, 849 (8th Cir. 1974), *cert. denied,* 420 U.S. 912, 95 S.Ct. 835, 42 L.Ed.2d 843

---

1. *See Lewis v. United States,* 555 F.2d 1360 (8th Cir. 1977); *Lewis v. United States,* 542 F.2d 50 (8th Cir.), *cert. denied,* 429 U.S. 837, 97 S.Ct. 105, 50 L.Ed.2d 103 (1976).

2. The Honorable Bruce M. Van Sickle, United States District Judge, District of North Dakota,

sitting by assignment in the United States District Court for the Western District of Missouri.

3. The guidelines were promulgated pursuant to 18 U.S.C. § 4208(a)(2) (current version at 18 U.S.C. § 4205(b)(2)).

(1975); *Wilwording v. Swenson,* 446 F.2d 553, 554 (8th Cir. 1971); *Harris v. Brewer,* 434 F.2d 166, 168 n.3 (8th Cir. 1970).

■■■ Petitioner argues it was improper to deny him an evidentiary hearing based on Judge Becker's previous order. He reasons that the order cannot be considered a determination on the merits because Judge Becker held only that petitioner had failed to allege sufficient facts showing how he was harmed by counsel's ineffectiveness and thus dismissed petitioner's motion without prejudice. We agree. A dismissal without prejudice, because petitioner's allegations are mere conclusions and void of factual support, does not constitute an adjudication on the merits. *See Sanders v. United States,* 373 U.S. 1, 16, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); *Sweptson v. United States,* 227 F.Supp. 429, 431 (W.D.Mo.1964). We nevertheless find, based upon petitioner's present allegations and the overall record relating to petitioner's conviction, that petitioner is not entitled to an evidentiary hearing. It is fundamental in order for petitioner to obtain a hearing that the facts alleged, assuming them to be true, must be such that they would entitle petitioner to a new trial. *See Procunier v. Atchley,* 400 U.S. 446, 91 S.Ct. 485, 27 L.Ed.2d 524 (1971). Upon review of petitioner's earlier trial and post-conviction records we hold that petitioner's allegations fail to set forth a valid claim for relief.

*Ineffective Assistance of Counsel.*

Although petitioner raised several other grounds in his petition relating to his charge of ineffective assistance of counsel,[4] the basis of his appeal relates to the failure of his counsel to investigate and assert a defense of insanity. Because of his alleged drug addiction, petitioner contends that he did not possess the necessary intent to commit the alleged offenses. As the district court noted, petitioner presented a claim based on his alleged drug addiction in an

earlier § 2255 proceeding. In 1975 petitioner challenged his competency to stand trial in 1973 because of his use of narcotics. After an evidentiary hearing before the district court, then Chief Judge Becker found that the evidence did not sustain this claim. He relied in part upon the testimony of two trial counsel, one of whom represented Lewis in the narcotics case and the other in another, then pending, criminal matter. As this court's opinion reflects, "both testified they had no problems communicating with [Lewis] or obtaining his cooperation in preparing for hearings on the motion to suppress and in the trial of the narcotics case." *Lewis v. United States,* 542 F.2d 50, 51 (8th Cir. 1976).

With this background we turn to the actual trial record of the narcotics case in 1973. Lewis was convicted of two counts of possession with intent to distribute heroin and one count of distribution of heroin. Proof of the requisite intent to distribute under the possession charges was tied into the proof of the alleged actual sale of heroin by Lewis to the undercover officer. His defense to these charges is reflected in his trial counsel's cross-examination of the government's witnesses and closing argument to the jury. Lewis' counsel, in an attempt to challenge the lone count of distribution, attacked the foundation for identification of Lewis by the two undercover officers who testified that the man who had sold the heroin to them was in fact Lewis. In his closing argument trial counsel admitted the possession of the heroin but denied any intent to distribute the drugs. It was made clear to the jury that Lewis and his associates were known narcotic users. As this court noted in affirming the conviction, the jury resolved any conflict in the testimony against Lewis. Thus, we find an overall record which reveals that petitioner was fully aware of the trial strategy and defense offered. To suggest that Lewis did not possess the requisite intent to make the sale because of drug addiction would have

---

4. Since the petitioner is proceeding pro se, we have additionally examined the other grounds raised in district court and, upon examination of the record and under accepted standards of

this court, *see United States v. Easter,* 539 F.2d 663, 666 (8th Cir. 1976), we find no factual or legal basis upon which petitioner could sustain his claim of ineffective assistance of counsel.

been completely inconsistent with his trial contention that he did not make a sale to the officers and that the officers were mistaken in their identification of the seller of the drugs at the time of the transaction.

Thus we conclude that the belated attack on trial counsel strategy and proffered defense fails to rise to a level of incompetency sufficient to make further inquiry necessary. The record reflects that Lewis was well aware of the defense offered and now must be assumed to have acquiesced in it. Under the circumstances he is estopped to suggest that a different tactic and defense would have been better strategy. As we have indicated, "the exercise of reasonable judgment, even when hindsight reveals a mistake in that judgment, does not render a lawyer negligent or lacking in competence in rendering his services." *Reynolds v. Mabry,* 574 F.2d 978, 979 (8th Cir. 1978). Furthermore, "[c]ounsel does not fail to render effective service if there is little or no likelihood that a reasonable lawyer under similar circumstances would consider the alleged defense reasonably essential to the case." *Id.* at 981. On the record presented here it is our judgment that Lewis' trial counsel presented the best defense he possibly could provide under the circumstances of the case. Thus, we find no legal or factual basis presented to require an evidentiary hearing on Lewis' claim of ineffective assistance of counsel.

*Sentence.*

Judge Van Sickle's conclusion that "the sentence imposed was not reached upon an invalid premise but is, in fact, and in law, proper, reasonable and just," was tantamount to a statement by the sentencing judge that his sentencing expectations were not frustrated. Because the trial court by its findings approved the sentence originally imposed, the denial of the motion without a hearing was proper. *Gravink v. United States,* 549 F.2d 1152, 1153 (8th Cir. 1977); *United States v. Clinkenbeard,* 542 F.2d 59, 60 (8th Cir. 1976).

The denial of the petition is affirmed.