**Leo D. GRAHAM, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 31674.**

Missouri Court of Appeals,
Western District.

Sept. 15, 1981.

Lee M. Nation, Nation & Curley, Kansas City, for movant-appellant.

John Ashcroft, Atty. Gen., Suzanne M. Boersig, Asst. Atty. Gen., Jefferson City, for respondent.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

DIXON, Judge.

Movant appeals the denial of his Rule 27.26 motion to vacate conviction and sentence for robbery in the first degree.

Counsel was appointed. An evidentiary hearing was held.

The order of the trial court is affirmed. The movant contends that the trial court erred in not finding that the movant was rendered ineffective assistance of counsel because of failure to file proper motion or objection and that the findings and conclusions of the trial court on the Rule 27.26 motion are insufficient because all material issues were not answered and addressed by the court.

█ In the argument the movant asserts that an accidental confrontation at the police garage between the victim and the defendant was highly suggestive and should have been objected to by trial counsel in the pre-trial motion and by objection at trial. It is apparent from the testimony of trial counsel that trial counsel believed that a motion to suppress would not have been effective because confrontation was accidental and because there was insufficient suggestiveness to render either that confrontation inadmissible or to exclude the victim's in-court identification. The view of counsel that the objection and motion would have been unavailing is accurate. *State v. Scott*, 534 S.W.2d 537 (Mo.App. 1976). Trial counsel likewise felt that tactically it was better to utilize the possible suggestiveness of the confrontation in the cross-examination of the victim and another witness. The trial court's finding that trial counsel was not ineffective on the basis of this claim is not clearly erroneous.

█ The second basis for a claim of ineffective assistance of counsel is a failure to file a motion to quash the jury panel because of the underrepresentation of females on the jury panel at the time of movant's trial. The trial took place in Jackson County on June 10, 1975. This question of ineffectiveness of counsel is controlled by *Benson v. State*, 611 S.W.2d 538 (Mo.App.1980), and requires no further discussion. The trial court was not in error in concluding that the failure to file a motion to quash the jury panel was not ineffective assistance of counsel.

Movant finally argues that the trial attorney was ineffective in failing to object to the giving of an instruction permitting the jury to determine guilt and to leave to the court the question of punishment. The instruction as given was consistent both in form and in the manner of its giving with the holding of *State v. Brown*, 443 S.W.2d 805 (Mo. banc 1969), and an objection by counsel would not have preserved any question of error which could have resulted in reversal.

Movant also asserts in a separate point that the case should be remanded because of the inadequacy of the trial court's conclusions of law and findings of fact. Movant notes specifically that although the trial court specifically addressed the question of instructional error concluding that instructional error was not cognizable on Rule 27.26 review, the trial court did not address the issue of ineffectiveness of counsel by failing to object. The findings of fact that the instruction was given and that the defendant's counsel did not object are not in question. To remand, as movant suggests, for the court to make a conclusion of law that the failure to object to an instruction proper under the law is not ineffectiveness of counsel borders on the frivolous.

There is no error; the judgment is affirmed.

All concur.