James Delbert FINGERS, Jr.,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 13605.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 25, 1984.

James D. McNabb, Asst. Public Defender, Springfield, for movant-appellant.

John D. Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Judge.

James Delbert Fingers, Jr., was jury-convicted of first-degree robbery and thereafter sentenced by the trial court to 18 years' imprisonment, the trial court having found Fingers to be a second offender. The conviction was affirmed on direct appeal. *State v. Fingers*, 585 S.W.2d 203 (Mo.App.1979).

Fingers then filed a pro se motion to set aside his conviction, which motion was thereafter amended by appointed counsel. The amended motion alleged that Fingers was denied effective assistance of counsel because 1) trial counsel did not impeach state's witness Rodney Rogers by showing the state had offered Rogers leniency in exchange for his testimony implicating Fingers as the main actor in the robbery, and 2) trial counsel did not challenge Fingers' prior conviction on constitutional grounds prior to the conviction being used as the basis for Fingers being sentenced as a second offender. The amended motion recited

a number of alleged facts in support of both contentions, including the fact that the trial transcript does not show any impeachment of witness Rogers on the issue in question, and that the prosecutor's records show that a deal was made to give Rogers favorable treatment on the charges against him in exchange for his testimony. The trial transcript shows that Fingers and Rogers obtained approximately $600 from Robert Havens, a service station attendant, through force and threats of force.

The trial court dismissed the amended petition without making any findings of fact and conclusions of law, and without conducting an evidentiary hearing. After appeal by Fingers, we remanded the matter to the trial court "for whatever proceedings appear appropriate ... including ... the making of findings and conclusions on all issues presented by the motion." After remand, the trial court declined to hold an evidentiary hearing, but did make findings of fact and conclusions of law, after which it dismissed the amended motion. Fingers again appealed, repeating his prior contentions of ineffective assistance of counsel.

Missouri law requires an evidentiary hearing on motions for post-conviction relief if the motion alleges facts that warrant relief which are not refuted by the files and records of the court and, if true, result in prejudice to the movant. *Smith v. State*, 652 S.W.2d 134, 134 (Mo.App.1983); Rule 27.26(e), V.A.M.R.

Fingers alleged the following facts in support of his claim that his trial counsel's failure to impeach Rogers denied his constitutional right to due process.

a. The trial transcript will show that the lawyer did not impeach the State's witness, Rodney Rogers. (T–86–100). The record will show that Rodney Rogers, a juvenile, testified that he committed the offense with another person. The record will show that counsel never asked this witness whether any deal had been made for his testimony. Movant will present all the record in the Juvenile Court and prosecutor's office and Juvenile Officer's records which will show that a deal had been made for the testimony of Rodney Rogers.

b. Rodney Rogers will be called and will testify that a deal had been made for his testimony.

c. Movant's counsel will be called and will testify that he did not even know that a deal had been made between the State and the juvenile, Rodney Rogers.

d. The State knowingly suppressed from the Movant that a deal had been made with the juvenile, Rodney Rogers, such that a suppression of evidence caused the Movant to be denied a fair and impartial trial.

e. Movant is prepared to call several different lawyers and they will testify that when any codefendant testifies at trial, it is the policy to impeach him if a deal has been made.

These alleged facts are not refuted by the trial record, or by any other record in this cause. In its findings of fact and conclusions of law, the trial court stated that since the question of whether defense counsel should seek to impeach a state's witness is a matter of trial strategy, such issue forms no basis for a claim of ineffective assistance of counsel for failure to impeach, citing *Jackson v. State*, 540 S.W.2d 616, 617 (Mo.App.1976). The trial court's reliance in *Jackson* is misplaced. In *Jackson*, there was a full evidentiary hearing, in which defense counsel testified, in response to a claim of ineffective assistance for failure to impeach a witness, that his investigation revealed no contradictions of the testimony of the witness worthy of impeachment. The appellate court said that, *under those circumstances*, the question of whether to try to impeach was a matter of trial strategy. The facts in Jackson were a far cry from those in this case.

Here, we have no evidentiary hearing and defense counsel did not testify. The trial court's conclusion that defense counsel's failure to elicit from Rogers that he had been offered a "deal" for his testimony implicating Fingers was a matter of "trial strategy" was sheer conjecture, and

is not supported by facts in the record. We also observe that the trial court's additional conclusion that Fingers did not suffer any prejudice by the failure of defense counsel to impeach Rogers, since "the deal" was a collateral issue, lacks merit, and is not based on logic. An accomplice who has been promised immunity or leniency in exchange for his testimony implicating his partner is a competent witness, but such promises may be shown to discredit his credibility. *State v. Woods*, 346 Mo. 538, 142 S.W.2d 87, 90 (1940).

If, after full disclosure, the jury chose to disbelieve Rogers, it would be left with the testimony of Fingers and Havens. Fingers claimed an alibi. Havens had given conflicting descriptions of the assailant who was with Rogers. Absent credible testimony from Rogers, who knows what the jury would have done? We believe that Fingers and the state should have the opportunity to present testimony at an evidentiary hearing as to why Rogers was not cross-examined concerning what leniency was extended to him in return for his testimony. Failure to grant the hearing was prejudicial error.

Fingers' second argument, which was that his trial counsel was ineffective for failure to challenge his prior conviction on constitutional grounds, has no merit. Such contentions cannot be raised for the first time in motions for post-conviction relief, except in "rare and exceptional circumstances," which are not present here. *Medley v. State*, 639 S.W.2d 401, 403 (Mo. App.1982). In addition, a defendant waives his challenge to earlier convictions where, as here, he fails to challenge them when they are pleaded and proved as a part of a later charge. *Howard v. State*, 633 S.W.2d 222, 223 (Mo.App.1982).

The order of the trial court sustaining the state's motion to dismiss without an evidentiary hearing is set aside, and the cause is remanded to the trial court with directions to conduct an evidentiary hearing, as required by Rule 27.26(e), V.A.M.R., after which the trial court shall make findings of fact and conclusions of law, and enter such order or judgment that is consistent with the facts adduced at the evidentiary hearing.

So ordered.

TITUS, P.J., and FLANIGAN, J., concur.