STATE of Missouri, Respondent,

v.

Michael CHAMBERS, Appellant.

No. 52341.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 22, 1987.

Rehearing Denied Jan. 26, 1988.

Mary C. McWilliams, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Karen A. King, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Defendant was convicted by a jury in the St. Louis City Circuit Court on one count of robbery first degree, RSMo § 569.020 (1986), and one count of attempted robbery first degree RSMo § 564.011 (1986). The trial court found defendant to be a prior and persistent offender and sentenced him to two twenty year prison terms, sentences to run concurrently. On appeal defendant argues that the trial court erred in (1)

admitting into evidence mug shots used in the photo lineup and (2) sustaining the prosecutor's objections to several of defense counsel's questions on cross-examination of the police officer. We affirm.

On September 5, 1985, at approximately 9:00 p.m., a young male accosted three women in the 4900 block of Washington in the Central West End of St. Louis. The assailant brandished a hand gun and demanded the women's purses. As the robber held the gun to a victim's head, one of the other victims handed the robber her purse. The robber attempted to grab another purse, but was unsuccessful. He then fled the scene on foot.

On October 2, 1985, a St. Louis police officer received information from a confidential informant that defendant Michael Chambers was involved in a robbery of three women in the Central West End in early September. The officer then contacted the victims and conducted a photo lineup for two of them using five photographs. Each of the two victims independently identified defendant as the robber. The police arrested defendant the following day. Shortly after his arrest, defendant made a written statement confessing to the robbery. That evening, the police conducted a live lineup at which the same two victims again identified defendant as the robber.

At trial defendant presented the alibi testimony of several relatives and the testimony of a dermatologist. Defendant claimed to be at home or in transit to or from a chinese restaurant, in the presence of relatives, at the time of the robbery. Defendant attempted to use the dermatologist's testimony to show that defendant had eczema, a rash, on his face at the time of the robbery. The victims did not recall seeing a rash on the face of the robbery. The jury found defendant guilty of robbery and attempted robbery. The trial court found defendant to be a prior and persistent offender and sentenced defendant to two concurrent twenty year prison terms.

On appeal defendant alleges that the trial court erred in admitting into evidence the photographs used in the photo lineup. Defendant argues that the photographs, police department "mug shots," indicated to the jury that appellant had a prior criminal record thereby depriving him of a fair trial. Defendant states in his brief that the record fails to indicate that inculpatory police department information was masked. Further, defendant argues that even if the mug shots had been masked, testimony as to the date of defendant's photograph, the officer's reason for choosing the four other photographs, and the front and side view mug shot fashion of the photograph, combined to raise an inference of defendant's prior criminal involvement.

■ Initially, we note that in Missouri mug shots are admissible provided the inculpatory information is removed, or masked. *State v. Motley*, 740 S.W.2d 313, 317 (Mo.App., E.D.1987). We have viewed the exhibits on file and the photographs have been masked. If they were not masked at trial, defendant should have preserved this fact on the record for our review. *See State v. Jones*, 594 S.W.2d 932, 935 (Mo.1980). This court will not consider assertions in brief that are not shown on the record. *State v. Williams*, 652 S.W.2d 102, 115 (Mo. banc 1983); *State v. Greathouse*, 694 S.W.2d 903, 910 (Mo.App., S.D. 1985).

■ On cross-examination of the police officer, defense counsel attempted to infer that the officer used four photographs, dissimilar to defendant, when he had hundreds of photographs from which to choose. On redirect the officer testified as to his reason for choosing these photographs: they were of men known to commit robberies in the Central West End. The officer limited his comment to the other photographs; he did not mention the origin of defendant's photograph. We do not believe that the officer's testimony regarding the four known robbers' photographs implied that defendant had been associated with prior robberies. Similarly, the testimony revealing the approximate

date of defendant's photograph, without more, fails to raise an inference of prior criminal activity.[1] *See State v. Hemphill,* 699 S.W.2d 83, 85 (Mo.App., E.D.1985). Obviously the photograph had been taken prior to the photo lineup. Merely mentioning the date by itself in the context of an unrelated argument does not imply criminal activity or arrest. This point is denied.

In his second point on appeal, defendant argues that the trial court erred in sustaining the State's objections to several of defense counsel's questions on cross-examination of a police officer. Defense counsel asked the officer to reveal the identity of the confidential informant. The prosecutor objected, then defense counsel withdrew the question. The trial court did not rule on the objection because the question was withdrawn. Thus, having nothing to rule on, the trial court did not commit error. Further, if the trial court had sustained the objection, it would have ruled correctly absent a showing by defendant that the informant was in a position to offer relevant testimony crucial to the defense. *State v. Arbeiter,* 664 S.W.2d 566, 568 (Mo.App., E.D.1983). *See also State v. Payne,* 660 S.W.2d 24, 25 (Mo.App., E.D. 1983).

Similarly, the trial court correctly sustained the prosecutor's objection when defense counsel asked: "Officer you never have to disclose your confidential informant, do you?" Defense counsel impermissibly attempted to raise an irrelevant adverse inference from the privilege enjoyed by police officers in protecting the identity of their informants. Absent the above-mentioned showing, defense counsel should have refrained from this line of questioning. The trial court correctly sustained the objection.

Defense counsel later attempted to cross-examination the officer as to the police department's failure to dust the victim's car for fingerprints. The prosecutor

objected and the trial court sustained the objection. We initially note that the police have no duty to dust for fingerprints. *State v. Carpenter,* 710 S.W.2d 284, 286 (Mo.App., E.D.1986). The State is not required to account for their absence. *State v. Boyd,* 688 S.W.2d 791, 794 (Mo.App., E.D.1985). The trial court questioned the relevance of the defense counsel's question and then sustained the State's objection. The trial court did not err in sustaining the State's objection. *See id.·*

Finding defendant's arguments to be without merit, we affirm.

REINHARD and CRIST, JJ., concur.

---

**1.** The date was mentioned by the prosecutor on    cross-examination of the dermatologist.