**John NUNN, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. 53535.**

Missouri Court of Appeals, Eastern District, Division One.

May 24, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 6, 1988.

Application to Transfer Denied Sept. 13, 1988.

Beverly A. Beimdiek, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals after the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant was found guilty by a jury of first-degree assault for the shooting of an off-duty police officer and sentenced by the court as a prior offender to 25 years' imprisonment. We affirmed in *State v. Nunn*, 697 S.W.2d 244 (Mo.App.1985).

Movant filed a pro se Rule 27.26 motion, amended following appointment of counsel, in which he alleged that his trial attorney was ineffective. Movant's specific allegations relevant to this appeal were that counsel failed to contact a witness and failed to object to testimony from a state's witness. The witness counsel did not contact was a Dr. Robins, a physician at City Hospital who treated David Hughes, a passenger in the automobile movant was operating at the time of the shooting. Movant claimed Hughes told Dr. Robins that he, Hughes, had shot the victim and alleged that Dr. Robins' testimony "would have directly refuted the state's evidence." Movant also claimed his trial attorney was ineffective for failing to object to testimony from police officer James Harris, the victim's brother and a witness to the shooting, who stated he saw movant's photograph "at roll-call." Movant claims this statement was inadmissible because "it suggested movant had been charged with prior crimes."

The motion court denied relief without holding an evidentiary hearing and entered detailed findings of fact and conclusions of law. On appeal, movant contends the motion court erred in denying an evidentiary hearing because he "alleged that his trial attorney failed to contact a necessary witness and failed to object to improper testimony of a state's witness."

Our review is limited to determining whether the findings, conclusions, and

judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson,* 719 S.W.2d at 915. To be entitled to an evidentiary hearing on a Rule 27.26 motion, the movant must allege facts, not conclusions, which, if true, would warrant relief; the allegations of fact must not be refuted by the record; and the matters complained of must have resulted in prejudice to the movant's defense. *Thomas v. State,* 736 S.W.2d 518, 519 (Mo.App.1987).

In his direct appeal, movant claimed the trial court erred in refusing to admit into evidence hospital records containing Hughes's statement to Dr. Robins. *See Nunn,* 697 S.W.2d at 246, where we stated:

> As a general rule in Missouri, declarations against penal interest by a third party are not admissible as an exception to the hearsay rule in criminal proceedings. *State v. Turner,* 623 S.W.2d 4 (Mo. banc 1981) [6, 7]; *State v. Jones,* 671 S.W.2d 296 (Mo.App.1984) [1]. In *Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), it was held to be a denial of due process to exclude declarations against penal interest where the declarations were made "under circumstances that provided considerable assurance of their reliability." The Missouri Supreme Court has held that *Chambers* is not to be extended "beyond the facts presented there." [*Turner,* 623 S.W.2d at 9]. We do not find the indicia of reliability which forms the predicate for application of *Chambers* in this case. The statement in the medical report is not a direct quote; it

does not identify the source of the doctor's information; it is a single isolated statement; it concerns information which was not necessary for treatment of Hughes; as to who did the shooting, it is totally uncorroborated; and neither the declarant nor the writer of the report is available for cross-examination. We find no error in the court's action in refusing to allow the evidence.

Movant now argues, without citation of authority, that "[h]ad Dr. Robins been called as a witness, the statement would have been admissible because the writer of the report would have been available for cross-examination." We disagree. We do not believe the statement attributed to Hughes could have been transformed into an admissible declaration against penal interest simply by placing Dr. Robins on the witness stand. Testimony from Dr. Robins about Hughes's statement would have extended *Chambers* "beyond the facts presented there." *See Turner,* 623 S.W.2d at 9. Thus, movant has shown no prejudice to his defense as a result of counsel's failure to contact Dr. Robins, and an evidentiary hearing was not required on this issue. *See Thomas,* 736 S.W.2d at 519.[1]

Movant also claims that his trial attorney was ineffective because he failed to "properly" object to officer James Harris's testimony that he saw movant's photograph at roll-call.[2] The following exchange took place during the direct examination of Harris:

> [PROSECUTOR]: How did you happen to see the picture?
>
> A. I either saw it in the newspaper or when I went back to work, because I took a few days off work after the incident happened.

---

1. There is another reason why movant cannot prevail. When an issue is raised and decided on direct appeal, a movant cannot obtain another review of that issue in a Rule 27.26 proceeding, even if he offers a different theory. *Sweazea v. State,* 515 S.W.2d 499, 501 (Mo. banc 1974). As on direct appeal, the ultimate issue before us is the admissibility of Hughes's statement. That movant has suggested a new theory does not make the statement admissible.

2. In his amended motion, movant alleged his trial attorney offered no objection to the testimony. At a hearing on the issue of whether an evidentiary hearing was required, movant's present attorney admitted an objection was made but argued to the motion court that counsel was ineffective because she based the objection on the wrong theory.

Q. Okay. When you say "saw it" when you went back to work, how would you have seen it then?

A. Okay, everyday when you get to work at roll-call—

[DEFENSE COUNSEL]: Your Honor, I want to make an objection and ask to approach the bench.

(Whereupon, the following proceedings were held at the bench out of the hearing of the jury):

[DEFENSE COUNSEL]: I'm going to object to the officer testifying in regard to his seeing the picture of the defendant at roll-call because it constitutes hearsay.

THE COURT: Overruled.

(Whereupon, the following proceedings were held within the hearing of the jury):

[PROSECUTOR]: You may answer the question.

WITNESS: Like I was saying, everyday you get to work we go to roll-call and there's a television which is monitored downtown, they give you the license plates of all the cars that were stolen and people that were wanted for various things.

Q. Is that where you saw the driver's picture?

A. Yeah.

 Although objections to the admissibility of evidence must be specific and give valid reasons to allow the trial court an opportunity to rule, *State v. Gadberry*, 638 S.W.2d 312, 313 (Mo.App.1982), the failure of counsel to object to evidence does not provide a basis for a claim of ineffective assistance of counsel unless there results a genuine deprivation of the right to a fair trial. *Smith v. State*, 714 S.W.2d 778, 780 (Mo.App.1986). We believe movant's allegations of ineffectiveness, even if true, would not constitute a genuine deprivation of his right to a fair trial.

As a general rule, evidence of other crimes is inadmissible to prove the crime charged. *State v. Quinn*, 693 S.W.2d 198, 200 (Mo.App.1985). Mug shots themselves are neutral and do not constitute evidence of prior criminal activity. It is the testimony of the witness pertaining to the mug shots which has the potential for tainting the record. *State v. Phillips*, 723 S.W.2d 524, 525 (Mo.App.1986). The testimony of officer Harris was not like that of the police officer in *Quinn* who stated that certain photographs came from "my robbery books and my crime books." 693 S.W.2d at 200. As movant stated in his amended motion and his brief on appeal, Harris's testimony "suggested" movant had a criminal record. There was no actual evidence of other crimes. Thus the failure by trial counsel to assign the correct reason for the objection could not have resulted in prejudice to movant's defense, and an evidentiary hearing was not required. *See Thomas*, 736 S.W.2d at 519.

The judgment of the motion court was not clearly erroneous. Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur