Lafayette THOMAS, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 15448.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 29, 1988.

Tim Wynes, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

A jury found movant, Lafayette Thomas, guilty of murder in the second degree by causing the death of his wife by burning her. § 565.004, RSMo 1978 (repealed

L.1983, p. 922, S.B. No. 276, § 1). He was sentenced to imprisonment for 50 years. His conviction was affirmed. *State v. Thomas*, 664 S.W.2d 56 (Mo.App.1984). Sentence was pronounced prior to January 1, 1988, and his motion for post-conviction relief under Rule 27.26 was pending on that date. Therefore, "post-conviction relief shall continue to be governed by the provisions of Rule 27.26 in effect on the date the motion was filed." Rule 29.15(m). The motion court entered detailed findings of fact and conclusions of law and dismissed the motion without an evidentiary hearing. The movant states one point on appeal.

That point is that the motion court erred because four allegations of the motion pled facts which established ineffective assistance of counsel. Those allegations include counsel's failure to investigate and call a witness. The disposition of the point requires consideration of the evidence offered at trial. A recital of that evidence relevant to the direct appeal is found in *State v. Thomas, supra.*

A summary of the evidence relevant to the disposition of the motion for post-conviction relief gleaned from the trial transcript is as follows. The movant and his wife and children lived in a frame dwelling in Springfield. The couple had frequent domestic quarrels. Before the tragedy in question, the movant and his daughter Pamela went to a laundromat. After washing some clothes, they returned to the house. Movant and his wife engaged in another quarrel. The movant had the children go into a bedroom.

The movant's testimony concerning the ensuing events included the following. His wife suggested they go outside. They continued to quarrel. They went into an enclosed porch or room on the back of the house. This room was accessible only from the outside. The movant called this his "office room." He used this room for a variety of his own purposes, including storage of sundry items, such as tools, a battery charger, food, lights and a rod and reel. The office room was forbidden to the children. When movant and his wife were quarreling in the office room, he shoved her. This caused her to strike her head and fall to the floor. The movant had a jar of gasoline on a shelf on the wall. He was going to use the gasoline to clean the sparkplugs for his automobile. His wife's fall caused the gasoline to spill upon her. A "gooseneck" lamp on the shelf also fell. This caused the gasoline on his wife and on the floor of the office room to ignite. His wife ran from the office room to the front yard. There he pushed her to the ground. He tried to put out the fire with a sheet. This failed and he got a rug and put out the fire. Because the house was on fire, he told the children to call the police and get out. He carried his wife across the street and laid her on the grass. He moved his car from the driveway to the street. He was then arrested.

The movant admitted that on that day he got his .25 automatic handgun from the pawnshop. He further said that he had the gun during the altercation with his wife and that it accidentally discharged three times. The victim was not shot. There was no evidence the discharged bullets were located.

The movant's daughter Yulanda testified at the trial. She was ten years old at the time of the occurrence. She said that the movant took her mother outside. She heard him say "I'm gonna burn you." She then heard hitting against the house and two shots. The children ran to the front window and looked out. She saw her mother on the ground burning. Her father stood up and laughed. He did get a rug and put out the fire. He came in and told them to get out and call the police. They went outside where a Mr. King took them to a neighboring house.

Movant's daughter Pamela also testified at the trial. After being put in the bedroom she heard things falling, the screen door open and shut and screams. She also heard popping noises. She heard her father say "I'm going to burn you." They ran to the living room window from which they saw her mother burning. Her father was standing there "mad looking." Her father ran to the back. Then he came in

and told the children to get out and call the police. The children met a man on the street who took them to a lady's house.

Corporal Mack Long of the Springfield Police Department was the second officer on the scene. He arrived at approximately 5:00 p.m. Among his other activities, he took a statement from Pamela Thomas. He recorded that statement in his report. That portion of his report read as follows:

Pamela stated that she and the other children heard her mother screaming and crying, and heard some banging noises, and something—possibly, may have sounded like a gun going off, or she wasn't sure. She stated that they looked out the front window, and then their mother come [sic] running—come running up the driveway to the front yard, and she was tackled in the front yard by her father. And her mother was burning, and was engulfed in fire, and that her father was attempting to extinguish the fire by putting it out with a rug.

The statements by the movant's wife are noted in detail in *State v. Thomas, supra.* Here it is sufficient to observe that at the scene she said that the movant had poured gasoline on her and set her on fire. At the hospital, in a formal classic dying declaration she repeated this statement.

As amended, movant's 27.26 motion alleged seven grounds for relief. By its findings of fact and conclusions of law, the motion court considered each allegation. It concluded the motion did not state facts entitling the movant to relief. As stated, on appeal the movant contends he was entitled to an evidentiary hearing upon four allegations of constitutionally ineffective assistance of counsel. None of those allegations plead an unreasonable dereliction of counsel from which prejudice is "presumed". See *Presley v. State,* 750 S.W.2d 602 (Mo.App.1988). The sufficiency of each of those allegations is to be measured by the following underlying basic standards.

"In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he was thereby prejudiced." *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987). Prejudice is established when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674, 698 (1984). An applicable subsidiary rule has been stated in the following terms. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland,* 466 U.S. at 690–691, 104 S.Ct. at 2066, 80 L.Ed.2d at 695.

■■■ "To be entitled to an evidentiary hearing on a Rule 27.26 motion, the movant must allege facts, not conclusions, which, if true, would warrant relief; the allegations of fact must not be refuted by record; and the matters complained of must have resulted in prejudice to the movant's defense." *Anderson v. State,* 747 S.W.2d 281, 283 (Mo.App.1988). This controlling maxim is to some extent contradictory in terms in respect to the allegation and determination of ineffective assistance of counsel. Such a determination involves a conclusion counsel's actions did not measure up to the "customary skill and diligence of a reasonable attorney" and a conclusion the movant was prejudiced. *Lewis v. United States,* 585 F.2d 915 (8th Cir.1988); *Sanders v. State, supra.* Those are conclusions to be drawn by the court. *Richardson v. State,* 719 S.W.2d 912 (Mo. App.1986). To be entitled to an evidentiary hearing, the movant must plead facts which will support those conclusions. *Cook v. State,* 752 S.W.2d 483 (Mo.App. 1988).

■ Moreover, even though the facts pleaded, standing alone, are not refuted and state a basis for reaching such conclusions, an evidentiary hearing may not be required if the record, considered as a whole, refutes or defeats either of those conclusions. *Frederick v. State,* 754 S.W. 2d 934 (Mo.App.1988); *Rainbolt v. State,* 743 S.W.2d 890 (Mo.App.1988); *Laws v. State,* 708 S.W.2d 182 (Mo.App.1986); *Wickman v. State,* 693 S.W.2d 862 (Mo. App.1985). This limitation finds frequent application in a determination that a factual allegation of dereliction of counsel cannot support a finding of prejudice because of the strength of the state's case in the underlying criminal trial. *Frederick v. State, supra; Cook v. State, supra.* "The record reveals the state made an extremely strong case, and it appears to us that had counsel been deficient, defendant would not have been prejudiced." *McLaurin v. State,* 755 S.W.2d 341, 343 (Mo.App.1988).

■ Also, as noted, a strategic decision does not establish constitutionally ineffective assistance of counsel. *Sanders v. State, supra.* It is seldom that the face of a motion will establish that an alleged dereliction of counsel was a part of trial strategy. Cf. *Ross v. State,* 629 S.W.2d 572 (Mo.App.1981). However, the record, considered as a whole, may demonstrate that an alleged dereliction was in fact a part of trial strategy. In that event, an evidentiary hearing is not necessary. *Lewis v. United States, supra; State v. Jordan,* 646 S.W.2d 747 (Mo. banc 1983); *Davis v. State,* 657 S.W.2d 677 (Mo.App.1983).

■ In determining if an evidentiary hearing is required, a motion court is required to make findings of fact and conclusions of law on all issues presented. Rule 27.26(i) (now repealed); Rule 24.035(i) and Rule 29.15(i).

In ruling on a Rule 27.26 motion, the trial court is required to make specific findings of fact and conclusions of law on all issues presented regardless of whether or not an evidentiary hearing is held. *Fields v. State,* 572 S.W.2d 477, 483 (Mo. banc 1978); Rule 27.26(i). Furthermore,

this requirement applies even where the trial court sustains a motion to dismiss. *Gill v. State,* 712 S.W.2d 732, 733 (Mo.App. 1986). However, this requirement is tempered by the principle that when a motion is properly denied without an evidentiary hearing upon one basis, it is not necessary that the court determine the other issues. *McLaurin v. State, supra; Cook v. State, supra; Phelps v. State,* 683 S.W.2d 665 (Mo.App.1985). When a motion is dismissed because it states conclusions instead of facts, *Frazier v. State,* 738 S.W.2d 131 (Mo.App.1987), or the stated facts are refuted by the record, *Reed v. State,* 715 S.W.2d 24 (Mo.App.1986), or the grounds alleged in the motion are not cognizable in a post-conviction proceeding, *Graham v. State,* 622 S.W.2d 25 (Mo.App.1981), the motion court need not deal with the issue of the reasonableness of counsel's actions or the issue of prejudice. *Rainbolt v. State, supra.* Further, "[a] motion court, and this court, may proceed directly to the issue of prejudice without first determining whether counsel's conduct was deficient." *Cook v. State, supra,* at 485. Also see *Sanders v. State, supra.*

Appellate review of a motion court's action is limited to whether the findings and conclusions of the motion court are clearly erroneous. Rule 27.26(j) (now repealed); Rule 24.035(j); and Rule 29.15(j); *Tammons v. State,* 686 S.W.2d 552 (Mo.App. 1985). When a motion court has erroneously dismissed a motion and made no findings on the issue of reasonableness of counsel's action and prejudice, the cause can be remanded for findings on the necessary issue or issues. However, the absence of a finding on those issues does not foreclose all consideration of those issues by an appellate court. "The law does not require the doing of a useless act." *Townsend v. State,* 740 S.W.2d 328, 329 (Mo. App.1987). Further, "[i]f the decision can be sustained on any ground, stated or not, it will be upheld." *Dunn v. State,* 620 S.W.2d 13, 14 (Mo.App.1981). Also see *Mercer v. State,* 666 S.W.2d 942 (Mo.App. 1984); *Jones v. State,* 604 S.W.2d 607 (Mo. App.1980). Even though the action of counsel may have been deficient, the cause

should not be remanded if it is determined the movant was not prejudiced by that deficiency.

The standard by which an appellate court should make such a determination has not been clearly articulated. A remand was not ordered where, from the whole record, it was determined it was *very unlikely* that by investigation counsel would have discovered evidence of movant's intoxication which would provide a defense and therefore movant had not been prejudiced. *Anderson v. State, supra.* A remand was not ordered for a hearing upon an allegation of ineffective assistance because of counsel's failure to call character witnesses when it was determined that because of the strength of the state's case there was *no reasonable probability* reputation evidence would have altered the result. *Frederick v. State, supra.* However, a remand was ordered for a hearing upon an allegation of ineffective assistance because of counsel's failure to call a physician who examined the victim and found no evidence of sexual abuse. *Id.* "*It is possible* that the medical testimony appellant alleges should have been presented may have refuted this evidence, or cast sufficient doubt upon the victim's testimony to have altered the result." *Id.,* at 937 (emphasis added).

The limited scope of appellate review in such post-conviction proceedings has been clearly enunciated in the denial of an appeal by the state. *Taylor v. State,* 755 S.W.2d 253, 255 (Mo.App.1988). In *Taylor,* the court affirmed the motion court's rejection of the explanation of trial strategy and its finding of prejudice. "Keeping this deference in mind, the court is persuaded the hearing court was not clearly in error in finding ineffectiveness, thereby rejecting the trial strategy explanation." *Id.* at 255. Upon appeal by a movant from an erroneous dismissal without a hearing of a motion pleading a cognizable, factual dereliction of counsel, a similar test should be applied. The cause should be remanded for a hearing upon such an allegation unless, upon the evidence admissible under that allegation and the whole trial record, a finding of unreasonable assistance or a finding of prejudice by the motion court would be clearly erroneous.

■ Under movant's sole point, first to be considered is his contention he was entitled to an evidentiary hearing upon the allegation that counsel rendered ineffective assistance by failing to offer the tangible evidence of movant's clothing, a rug and a sheet. He argues those items would have supported movant's testimony that he attempted to extinguish the fire. The motion court found the allegation did not state a basis for relief because the decision not to offer this physical evidence was a part of trial strategy. The children corroborated movant's testimony that he put out the fire with a rug. The state offered a portion of that rug in evidence.

[W]here a claim of ineffective counsel is raised in a post-conviction proceeding and the attorney conduct involves the exercise of a choice in the presentation of the defense or the procedures selected in trial, the claim must fail if, within a wide range of reasonable professional assistance, the choice may be considered sound trial strategy.... A strong presumption of right action, however, severely limits such ineffective assistance claims to the end that it will be the rare exception where a strategic choice is declared to have been unsound.

*Porter v. State,* 682 S.W.2d 16, 19 (Mo.App. 1984). The movant has not pled facts which establish that a decision not to offer the physical evidence mentioned was an exception to the above stated rule. The movant is not entitled to an evidentiary hearing on the allegation first considered.

■ By his brief movant also contends he was entitled to an evidentiary hearing upon his allegation that counsel rendered ineffective assistance by failing to cross-examine witnesses Yulanda Thomas and Pamela Thomas concerning the origin of the fire. He argues their cross-examination should have included questions concerning electric lights and appliances in the office room. It must first be noted the movant overlooks the record. The two children were skillfully cross-examined. The motion does not allege how the results of

additional cross-examination would have aided movant. Moreover, on direct examination Pamela was asked, "What was located back here" referring to the office room. She answered, "He had all kinds of stuff back there. He wouldn't allow us to go back there." More fundamentally, "[t]he extent of cross-examination is almost always a matter of trial strategy." *Cole v. State*, 573 S.W.2d 397, 403 (Mo.App.1978). Also see *State v. Turner*, 353 S.W.2d 602 (Mo.1962); *Swearingin v. State*, 629 S.W.2d 560 (Mo.App.1981). The movant did not allege facts which established counsel's choice of cross-examination to be one of the rare exceptions to the rule above quoted.

■ The movant also contends he was entitled to an evidentiary hearing upon the allegation counsel rendered ineffective assistance by failing "to investigate the victim's alcoholic and mental problems and impeaching her dying declaration."

The claim that an attorney has ineffectively served his client by inadequate investigation and preparation for trial must be supported by allegations of specific information which was not discovered, that reasonable investigation would have disclosed the information and that the material so discovered would have benefited the movant in a defense of the charge.

*Kretzer v. State*, 612 S.W.2d 70, 71 (Mo. App.1981). There was strong medical evidence the victim was mentally alert and competent at the time she made her dying declaration. The movant does not plead, and the record does not indicate, what the suggested investigation would have disclosed that would have aided his defense. The motion court did not err in denying movant an evidentiary hearing on the above allegation.

■ Finally, the movant contends he was entitled to an evidentiary hearing upon the following allegation.

The attorneys for Movant failed to investigate and call for testimony the Movant's landlord named Robert Turner, as requested by Movant, who could have testified that there were various electrical items in the area where the fire started including a gooseneck light, battery charger, two television sets, an extension cord, a big floodlight and electrical plugs. The failure to present said testimony by Movant's landlord prejudiced Movant as the testimony would have refuted testimony by the State's witnesses as to the absence of electrical items in that area and the testimony would have raised reasonable doubt of Movant's guilt by supporting Movant's defense that the fire was accidentally ignited by an electrical item.

The motion court did not make a finding explicitly dealing with the issues raised by this allegation. Those findings did include the conclusion "that evidence of accidential [sic] ignition was admitted at trial and the decision not to call the landlord to supplement this evidence is a professional judgment decision."

■ It is true that a decision concerning what witnesses to call is a matter of trial strategy. *State v. Jordan, supra; Starr v. State*, 735 S.W.2d 134 (Mo.App. 1987). "If counsel properly establishes what the testimony of a witness would be and sensibly decides that the testimony would not support his client's position, it is a matter of trial strategy not to call him to the stand." *Phillips v. State*, 639 S.W.2d 270, 273 (Mo.App.1982). However, such a decision must rest upon the satisfaction of counsel's obligation to investigate a suggested witness. Counsel's duty to investigate has been expressed in the following terms:

Trial counsel has a duty to make reasonable investigations or to make a reasonable decision that a particular investigation is unnecessary. When ineffective assistance of counsel is raised, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel and judgment.

*Martin v. State*, 712 S.W.2d 14, 16 (Mo. App.1986). The record contains no reference to the landlord or basis for concluding

counsel made a reasonable decision not to investigate the suggested evidence.

The record is clear by preponderance of the evidence that the defendant's attorney did not make any investigation as to whether the potential alibi witnesses could help defendant's cause. It was not evidently trial strategy or a conscious decision not to use the witnesses because investigation demonstrated to the attorney that their testimony would not help nor was it an error in judgment.

*Poole v. State,* 671 S.W.2d 787, 788 (Mo. App.1983). Counsel's failure to investigate the landlord as a witness cannot be excused as trial strategy. Cf. *Fingers v. State,* 680 S.W.2d 377 (Mo.App.1984).

"The claim that an attorney's investigation of a case is inadequate must allege what specific information the attorney failed to discover, that reasonable investigation would have disclosed that information, and that the information would have aided or improved appellant's position." *Rice v. State,* 585 S.W.2d 488, 493 (Mo. banc 1979). For the purpose of determining the necessity of an evidentiary hearing, the allegation concerning the landlord's testimony must be accepted as true. The movant's allegation concerning testimony of the landlord meets the quoted criteria. *Fingers v. State, supra.*

Movant testified that the fire started when a gooseneck lamp fell from a shelf. He also related how his wife ran to the front yard where he pushed her to the ground and tried to put out the fire with a rug. Pamela's testimony contradicting the testimony of her father was impeached by her statement to the investigating police officer. The chief fire marshal did not recall if a gooseneck lamp was in the debris removed from the office room. If the landlord had testified as alleged, that testimony would have directly corroborated the testimony of the movant.

"[T]he duty to render effective counsel encompasses an obligation to investigate the evidence available on behalf of one's clients." *Perkins–Bey v. State,* 735 S.W. 2d 170, 171 (Mo.App.1987). "The failure of counsel to call a witness who would have established a defense for movant if proved, entitles movant to an evidentiary hearing." *Mullen v. State,* 638 S.W.2d 304, 305 (Mo. App.1982). Also see *Seales v. State,* 580 S.W.2d 733 (Mo. banc 1979); *Abrams v. State,* 649 S.W.2d 251 (Mo.App.1983). Upon hearing evidence of the landlord's testimony, the motion court could conclude that testimony probably would have altered the jury's determination of what had been proved beyond a reasonable doubt. See *Trimble v. State,* 693 S.W.2d 267 (Mo.App. 1985). This court could not hold that such a conclusion was clearly erroneous.

By remanding the case this court does not by implication indicate movant should prevail following an evidentiary hearing. The movant may or may not prove the allegations concerning the testimony of the landlord. Even if he does, the circumstance may fail to establish the action of trial counsel was unreasonably deficient. Moreover, the motion court may or may not determine that such deficiency probably altered the result of the underlying trial. Nevertheless, "[i]n reviewing the propriety of the sustaining of a motion to dismiss for failure to state a claim upon which relief may be granted, we are required to assume every pleaded fact as true and to give the pleader the benefit of every favorable inference which may be reasonably drawn therefrom." *Frederick,* at 937. The cause is remanded for an evidentiary hearing upon the last cited allegation.

FLANIGAN, P.J., and HOGAN and PREWITT, JJ., concur.