Michael **CHAMBERS**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. 55955.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 10, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 15, 1989.

Application to Transfer Denied
Jan. 10, 1990.

Ilene A. Goodman, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial, without an evidentiary hearing, of his motion to vacate, reduce or correct sentence and judgment pursuant to Rule 29.15. We reverse and remand for an evidentiary hearing.

Movant was convicted of robbery in the first degree and attempted robbery in the first degree and sentenced to twenty years imprisonment on each count to run concurrently. Movant's conviction was affirmed on appeal in *State v. Chambers,* 744 S.W.2d 818 (Mo.App.1988).

Thereafter, movant filed a pro se motion to vacate judgment pursuant to Rule 29.15. Counsel was appointed and movant filed an amended motion and request for a full evidentiary hearing. In his motion, movant alleges he was denied effective assistance of counsel for trial counsel's failure to object to a police officer's testimony movant was originally arrested on an unrelated charge and testimony of a conversation between the police officer and movant's grandmother.

A preliminary hearing was held by the motion court. Movant was represented by counsel. The hearing court determined an evidentiary hearing was not warranted and subsequently set forth its findings and order.

On appeal, movant alleges the motion court erred in determining trial counsel's failure to object in both instances did not have an affect on the outcome of the verdict.

Our review is limited to determining whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 29.15(j). Our standard of review is the same as under the repealed Rule 27.26. The motion court's findings, conclusions and judgment are clearly erroneous only if a review of the entire record leaves a definite and firm impression a mistake has been made. To be entitled to an evidentiary hearing, the movant must allege facts, not conclusions, which if true, would warrant relief; the allegations of facts must not be refuted by the record; and must have resulted in prejudice to the movant's defense. *Nunn v. State,* 755 S.W.2d 269, 271 [1] (Mo.App.1988).

Movant alleges ineffective assistance of counsel for trial counsel's mismanagement of witness Sergeant Saitz's testimony. On redirect examination, Saitz testified, "[I] told [movant's] grandmother and I told [movant] directly ... since he was in fact a juvenile he should be careful because after his seventeenth birthday he wouldn't go to the juvenile building, he would be considered an adult and be treated accordingly. If he was into something on the street, he would be booked ... as an adult...."

Testimony about the conversation was initially introduced on cross-examination by movant's counsel. The motion court determined, "As a part of [movant's counsel's] trial strategy, she attempted to bring out that Sergeant Saitz had threatened to get movant after he became 17.... Movant's counsel could not have objected to a subject she herself opened up."

There was no evidentiary hearing and movant's counsel did not testify. The motion court's conclusion such questioning was a part of trial strategy is unsupported by the record and thus mere speculation. *Fingers v. State,* 680 S.W.2d 377, 378–79 [3] (Mo.App.1984); *see also Thomas v. State,* 761 S.W.2d 246, 252–53 [10] (Mo. App.1988). An evidentiary hearing is warranted on this issue.

Additionally, movant contends he was denied effective assistance of counsel for trial counsel's failure to object to the reference of an unrelated charge. At trial, Saitz, testified "[a]t the time the uniformed officers responded and took [movant] into custody for an unrelated charge."

Failure of counsel to object to evidence does not provide a basis for a claim of ineffective assistance of counsel unless there results a genuine deprivation of the right to a fair trial. *Nunn v. State*, 755 S.W.2d at 272 [3,4]. A review of the record reveals this was the only reference made by Saitz to the unrelated charge. Saitz did not state the specific type of charge involved nor did anyone else. Standing alone, this single reference to an unrelated charge did not deprive movant of the right to a fair trial. However, reference to an unrelated charge by Saitz in light of the testimony of the conversation between Saitz and movant's grandmother, entitles movant to an evidentiary hearing to determine the effect such statements had, if any, on the outcome of the verdict.

Reversed and remanded.

CRANDALL, P.J., concurs in separate opinion.

REINHARD, J., dissents in separate opinion.

CRANDALL, Presiding Judge, concurring.

The conclusions reached by the dissent would only be appropriate if movant had been given the opportunity to present evidence and the motion court had made adequate findings of fact and conclusions of law before entering judgment against movant. In absence of such record, it cannot be *conclusively* shown that movant is entitled to no relief. *See, e.g., Stewart v. State*, 771 S.W.2d 886 (Mo.App.1989).

*O'Neal v. State*, 766 S.W.2d 91 (Mo. banc 1989); *Sanders v. State*, 738 S.W.2d 856 (Mo. banc 1987) and *Thomas v. State*, 761 S.W.2d 246 (Mo.App.1988) are inapposite. *Stewart* and *Sanders* involve cases in which the motion court denied movant's motion after an evidentiary hearing. In *Thomas*, the motion court's denial of movant's motion without an evidentiary hearing was reversed and the case was remanded, *inter alia*, for an evidentiary hearing.

I, therefore, concur in the majority opinion of CRIST, J.

REINHARD, Judge, dissenting.

I respectfully dissent.

My view on the approach to cases such as this is stated in my dissent in *Stewart v. State*, 771 S.W.2d 886, 888 (Mo.App.1989). As an appellate court, we can and should go directly to the issue of prejudice. *Id.* (*citing Strickland v. Washington*, 466 U.S. 668, 700, 104 S.Ct. 2052, 2071, 80 L.Ed.2d 674 (1984); *O'Neal v. State*, 766 S.W.2d 91 (Mo. banc 1989); and *Sanders v. State* 738 S.W.2d 856 (Mo. banc 1987)). In a case such as this, an evidentiary hearing is of marginal or no use in helping us make that determination.

In fact, I believe this to be a stronger case for resolution based on lack of prejudice than was *Stewart*. This is due to the fact that here, unlike in *Stewart*, movant made a written statement wherein he confessed to the crime. *See Richardson v. State*, 719 S.W.2d 912, 915–16 (Mo.App. 1986). Without reciting all the evidence presented in movant's trial, suffice it to say the state made a strong case. *See State v. Chambers*, 744 S.W.2d 818, 819 (Mo.App. 1988). After reviewing the entire record I would conclude movant has failed to satisfy his burden of showing that absent counsel's alleged errors the fact finder would have had a reasonable doubt respecting guilt.

The majority implicitly agrees with this conclusion as to movant's claim regarding the failure to object to Saitz' reference to movant being "brought in on an unrelated charge." However, the majority concludes that this testimony, coupled with Saitz' testimony about his conversation with movant's grandmother, entitles movant to an evidentiary hearing. The majority seems to adopt a per se rule requiring an evidentiary hearing before an ineffectiveness claim is resolved based on trial strategy. I believe this view is inconsistent with that expressed by Judge Maus in *Thomas v. State*, 761 S.W.2d 246, 250 (Mo.App.1988), wherein he stated: "[T]he record, considered as a whole, may demonstrate that an alleged dereliction was in fact a part of trial strategy. In that event, an evidentiary hearing is not necessary." Further-

more, I believe a forthright appraisal of the record of movant's trial compels the conclusion that counsel's strategy was to use the purportedly objectionable testimony to discredit Saitz and imply that movant's confession was coerced. I therefore agree with the motion court that counsel was not ineffective for failing to object to this testimony.

Movant has failed to satisfy his burden of showing prejudice as to either of his claims. Moreover, the motion court's trial strategy determination is clearly supported by the record. I would therefore affirm the trial court's judgment.