**Lafayette THOMAS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 16269.**

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 18, 1990.

Gregory C. Wells, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Andrea K. Spillars, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Presiding Judge.

Movant Lafayette Thomas appeals from the trial court's order, entered after an evidentiary hearing, denying his Rule 27.-26 [1] motion to set aside a judgment and sentence for murder in the second degree. The conviction, based on a jury verdict, was affirmed by this court, *State v. Thomas*, 664 S.W.2d 56 (Mo.App.1984). Thereafter the instant motion was filed and the trial court dismissed the proceeding without an evidentiary hearing. On appeal from that ruling, this court held that movant was entitled to an evidentiary hearing on one ground alleged in the motion and remanded

---

1.  All references to rules are to Missouri Rules of Court, V.A.M.R. Rule 27.26 was repealed, effective January 1, 1988, by order of the Supreme Court of Missouri, and new rules were adopted in lieu thereof. On the instant appeal, post-conviction relief continues to be governed by the provisions of Rule 27.26, because the sentence was pronounced prior to January 1, 1988, and movant's motion under Rule 27.26 was then pending. See Rule 29.15(m), effective January 1, 1988.

the proceeding to the trial court for that purpose. *Thomas v. State,* 761 S.W.2d 246 (Mo.App.1988). The trial court then held an evidentiary hearing, made extensive findings of fact and conclusions of law, and again denied the motion. Movant then filed this appeal.

Movant's sole point is that he was denied effective assistance of counsel at the jury trial, and the trial court erred in ruling otherwise, in that Ty Gaither, movant's counsel at the jury trial, failed to call as a defense witness "Robert Turner, as requested by movant, who could have testified that there were various electrical items in the area where the fire started, including a gooseneck light, battery charger, two television sets, an extension cord, a big floodlight, and electrical plugs." Movant's point also claims that the failure to produce Turner's testimony prejudiced movant "as the testimony would have refuted testimony by the state's witness as to the absence of electrical items in that area and the testimony would have raised reasonable doubt of movant's guilt by supporting movant's defense that the fire was accidentally ignited by an electrical item."

Appellate review in this proceeding is limited to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous. Rule 27.-26(j); *Futrell v. State,* 667 S.W.2d 404, 405 (Mo. banc 1984).

"In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he was thereby prejudiced.... A criminal defendant must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim. In reviewing such a claim, courts are not required to consider both prongs; if a defendant fails to satisfy one prong, the court need not consider the other. And, a court need not determine the performance component before examining for prejudice. It is easier to dispose of the claim on the ground of lack of sufficient prejudice, the reviewing court is free to do so."

*Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987). (Emphasis in original.)

The information on which the jury verdict was based charged that movant "intentionally, premeditatedly, with malice aforethought and unlawfully caused the death of [movant's wife] by burning her." There was evidence at the jury trial that movant poured gasoline on his wife and threw a lighted match on her.

In *State v. Thomas,* 664 S.W.2d 56 (Mo. App.1984), movant's direct appeal from the conviction, this court reviewed movant's testimony at the jury trial and held that his testimony showed that the victim "received her fatal injuries by means of assault and battery when [movant] shoved her into the wall and caused her to become drenched in lighted gasoline." This court also held that movant's testimony precluded the giving of an instruction on excusable homicide resulting from accident.

At the evidentiary hearing in the instant proceeding, only movant and attorney Gaither testified. Robert Turner, movant's landlord, did not testify and much of movant's testimony consisted of movant's opinion of what Turner's testimony would have been. In general, movant thought that Turner could have testified with regard to the location of various electrical items in the room where the victim had been doused with gasoline. Movant testified that Turner had been in that room "maybe around October or November or December [of 1981] ... I am not exactly sure." With regard to whether Turner saw the electrical appliances on that occasion, movant said, "I guess he seen it. I can't put words in his mouth." The offense occurred January 2, 1982.

Attorney Gaither, testifying as a witness for the state, stated that he did not recall having any discussion with movant concerning Turner. He also stated that even if Turner had testified with regard to the location of the electrical appliances, he would not have considered such evidence "to be particularly useful." Gaither said

the presence of electrical appliances "was not an issue in this case," because "the state's own experts established the existence of the electrical appliances, ... at the most, the landlord's testimony would have been cumulative.... Any issue that the landlord might have testified to was established by the state's own expert witness who would have more veracity."

The findings of the trial court included the following: "Turner was never mentioned by movant to his attorney as a witness prior to trial"; "[The trial court] can only speculate on Turner's testimony since he did not testify"; "Movant's own testimony [at the jury trial], if true, would show the ignition was not a lawful accident but rather the result of an unlawful assault. In light of this, the court concludes and finds that the testimony of Robert Turner at trial could not with any reasonable probability have altered the result"; The failure to call Turner "has not been shown to have prejudiced movant."

The foregoing findings and conclusions of the trial court are not clearly erroneous and, indeed, are fully supported by the record. Movant's point has no merit.

The judgment is affirmed.

MAUS and CROW, JJ., concur.