626 P.2d 1093

STATE of Arizona, Appellee,

v.

Robert Bilon SALAZAR, Appellant.

No. 5107.

Supreme Court of Arizona,
En Banc.

March 19, 1981.

Rehearing Denied April 21, 1981.

Robert K. Corbin, Atty. Gen., by William J. Schafer, III, and David R. Cole, Asst. Attys. Gen., Phoenix, for appellee.

Gregory R. Jordan, Phoenix, for appellant.

HAYS, Justice.

Appellant was charged by information with burglary in the second degree and theft. After entering a plea of guilty to the burglary charge, appellant was sentenced to six years imprisonment. He now appeals both the conviction and sentence. We assume jurisdiction pursuant to 17A A.R.S. Rules of the Supreme Court, rule 47(e)(5).

Prior to the entering of the guilty plea, appellant's counsel moved for an examination and hearing pursuant to 17 A.R.S. Rules of Criminal Procedure, rule 11, in order to determine appellant's competency to stand trial and mental condition at the time of the offense. In the written motion filed with the court, the sole reason advanced in support of the request was that appellant was a heroin addict. At the argument on the motion appellant's counsel emphasized the fact that appellant was a heroin addict and further stated that "on a couple of occasions" he found appellant "to be in a rather confused and disoriented state." In denying the motion, the trial court concluded that evidence of heroin ad-

diction alone was not sufficient to justify a mental examination.

Further, at the time appellant entered his plea, the trial court carefully inquired whether, *inter alia*, appellant understood the nature of the plea agreement, the range of sentence for the crime and whether appellant was cognizant of the constitutional rights he was surrendering by pleading guilty.

Appellant now appeals this denial as an abuse of discretion and, additionally, contends that because the trial court did not conduct a hearing to determine appellant's competency, the court could not accept a plea of guilty. We disagree.

A Rule 11 examination and hearing must be held if there are reasonable grounds to support the request for such an examination and hearing. Reasonable grounds exist if there is sufficient evidence to indicate that the defendant is not able to understand the nature of the proceedings against him and to assist in his defense. *State v. Steelman*, 120 Ariz. 301, 585 P.2d 1213 (1978); *State v. Messier*, 114 Ariz. 522, 562 P.2d 402 (1977). We have repeatedly held that the trial court has broad discretion in determining if reasonable grounds exist, and unless there has been manifest abuse in this discretion, the trial court will be upheld. *State v. Williams*, 122 Ariz. 146, 593 P.2d 896 (1979); *State v. Ohta*, 114 Ariz. 489, 562 P.2d 369 (1977); *State v. Verdugo*, 112 Ariz. 288, 541 P.2d 388 (1975).

After reviewing the record, we cannot say that the trial court abused its discretion. While heroin addiction may be a relevant factor in determining whether reasonable grounds exist to support a competency examination and hearing, evidence of narcotics use alone is insufficient to establish as a matter of law that the defendant lacks either competency to stand trial or the capacity to understand the nature and consequences of a guilty plea. *See Lewis v. United States*, 542 F.2d 50 (8th Cir. 1976), *cert. denied*, 429 U.S. 837, 97 S.Ct. 105, 50 L.Ed.2d 103; *Reed v. United States*, 529 F.2d 1239 (5th Cir. 1976), *cert. denied*, 429 U.S. 887, 97 S.Ct. 241, 50 L.Ed.2d 169; *United States ex rel. Fitzgerald v. LaValee*, 461 F.2d 601 (2d Cir. 1972); *Grennett v. United States*, 403 F.2d 928 (D.C. Cir. 1968); *Holmes v. United States*, 407 A.2d 705 (D.C. 1979); *Miller v. State*, 89 Nev. 561, 517 P.2d 182 (1973). We find no error.

The judgment of conviction and the sentence are affirmed.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.