NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

EDMUND VINCENT POWERS, *Petitioner*.

No. 1 CA-CR 19-0069 PRPC
FILED 12-12-2019

Petition for Review from the Superior Court in Maricopa County
No. CR2014-101230-001 SE
The Honorable Sherry K. Stephens, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Andrea L. Kever
*Counsel for Respondent*

Edmund Vincent Powers, Buckeye
*Petitioner*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Michael J. Brown joined.

**W I N T H R O P**, Judge:

¶1          Edmund Vincent Powers petitions this court for review of the dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32.  We have considered the petition for review and, for the reasons stated, grant review but deny relief.

## FACTS AND PROCEDURAL HISTORY

¶2          Powers pled guilty to three counts of armed robbery, two counts of unlawful flight from law enforcement, and one count of aggravated driving while under the influence of intoxicating liquor or drugs ("DUI").  In exchange for his plea, the State dismissed, *inter alia*, numerous felony charges, including two counts of misconduct involving weapons.  The superior court sentenced Powers to consecutive and concurrent prison terms totaling twenty-six years.

¶3          Powers timely initiated a proceeding for post-conviction relief, and the superior court appointed counsel to represent him.  After reviewing the record and correspondence from Powers, assigned counsel stated he could find no colorable claims to pursue, except a potential issue regarding Powers' DUI sentence.  Powers filed a *pro per* petition for relief, and the court concluded he should be resentenced on the DUI count and receive additional credit for time served.  The court summarily dismissed Powers' other claims, leading to our review.[1]

_____

[1]          After the superior court resentenced Powers on the DUI conviction, he initiated a Rule 32 proceeding challenging the resentencing.  Appointed counsel filed a petition for post-conviction relief from the DUI sentence approximately one month after Powers filed his petition for review in this court.  Powers then requested permission to supplement his petition for review with claims regarding his DUI resentencing, lest those claims later be deemed precluded.  We granted Powers' request with the proviso that we expressed no opinion whether the supplemental claims were properly before us on review.  Upon further consideration, we conclude that Powers' resentencing claims are not properly before us, and we therefore decline to address them.  Because Powers asked this court to review his resentencing claims before the superior court considered the underlying petition for relief, Powers' request to this court is premature.  *See* Ariz. R. Crim. P. 32.9(c)(1)(A), (4)(B).

**ANALYSIS**

¶4        We review the superior court's decision for an abuse of discretion. *State v. Amaral*, 239 Ariz. 217, 219, ¶ 9 (2016).

¶5        Most of Powers' claims on review relate to the weapon involved in the charged offenses—a taser. Powers argues the State had no basis for bringing misconduct involving weapons charges in the first place because a taser is not a "deadly weapon."[2] Related to that contention, Powers argues the superior court should have taken action against the prosecutor for improperly presenting the weapons counts to the grand jury. We find no abuse of discretion in the court's rejection of these claims. Because the State dismissed the misconduct involving weapons counts, Powers has no grounds for challenging the grand jury's determination of probable cause for those charges. Although the alleged misconduct of the prosecutor or the court might potentially form the basis of professional ethics complaints, the allegations do not support relief under Rule 32.1.

¶6        Powers also argues he did not voluntarily plead guilty to armed robbery because he never admitted the taser was a "simulated deadly weapon" or "dangerous instrument."[3] The record belies Powers' claim, showing he understood the elements of the armed robbery charges against him and admitted to facts establishing those elements. *See Bradshaw v. Stumpf*, 545 U.S. 175, 182-83 (2005); *McCarthy v. United States*, 394 U.S. 459, 466 (1969), *superseded on other grounds by rule*, Fed. R. Crim. P. 11(h), *as recognized in United States v. Cross*, 57 F.3d 588, 591 (7th Cir. 1995). Despite later expressing reservations about whether sparking a taser could render it a "dangerous instrument," Powers unequivocally declined to withdraw from the plea after being given multiple opportunities to do so.

¶7        Powers also argues his attorney provided constitutionally defective assistance by (1) failing to inform him of the elements of armed robbery, (2) not earlier challenging the misconduct involving weapons

---

[2]        The State alleged Powers committed misconduct involving weapons by possessing "a deadly weapon" as "a prohibited possessor." *See* Ariz. Rev. Stat. ("A.R.S.") § 13-3102(A)(4). A "[d]eadly weapon" is "anything that is designed for lethal use." A.R.S. § 13-3101(A)(1).

[3]        A person commits armed robbery by committing a robbery (1) while "armed with a deadly weapon or a simulated deadly weapon" or (2) through the use or threatened use of "a deadly weapon or dangerous instrument or a simulated deadly weapon." A.R.S. § 13-1904.

counts, and (3) refusing to request a determination of Powers' competency. To merit an evidentiary hearing on an ineffective assistance claim, "a defendant must show both that counsel's performance fell below objectively reasonable standards and that this deficiency prejudiced the defendant." *State v. Bennett*, 213 Ariz. 562, 567, ¶ 21 (2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984), *superseded by statute on other grounds*, Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996)). Failing to establish either prong bars relief, *id.*, and courts may dispose of a claim for lack of prejudice without first evaluating counsel's performance, *Strickland*, 466 U.S. at 697. We find no abuse of discretion in the superior court's summary dismissal of these claims.

**¶8** As described above, the record shows Powers understood the elements of armed robbery when he pled guilty. Even if he learned those elements from someone other than his attorney, he fails to show his attorney's performance caused him prejudice. *See Strickland*, 466 U.S. at 694 (holding that prejudice requires showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

**¶9** Nor does Powers demonstrate prejudice on account of his attorney's failure to obtain an earlier dismissal of the misconduct involving weapons charges. Powers offers no support for his proposition that he would have received a better plea deal had those charges been dismissed earlier, or never brought in the first place.[4]

**¶10** We also find no abuse of discretion in the superior court's rejection of Powers' claim that his counsel should have requested a competency determination. Trial courts have a duty to order a Rule 11 examination "if there is sufficient evidence to indicate that the defendant is not able to understand the nature of the proceedings against him and to assist in his defense." *State v. Salazar*, 128 Ariz. 461, 462 (1981) (citations omitted); *see also* Ariz. R. Crim. P. 11.1(a)(2), (b). Defense counsel has a duty to assist the court in reaching a competency decision. *Bishop v. Superior Court*, 150 Ariz. 404, 408 (1986).

**¶11** The record demonstrates that Powers' attorney understood his obligation to move for a competency examination if warranted,

---

4 The record shows that when the State extended its plea offer to Powers, it did so with an awareness that its case was vulnerable to arguments the taser was not a "deadly weapon" or "dangerous instrument."

considered the need for such an examination, and reasonably determined there was no good faith basis for requesting an examination. Powers fails to establish a colorable claim of ineffective assistance under the circumstances.

**CONCLUSION**

¶12     Accordingly, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA