NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BRANDY LEE BRENTS, *Appellant.*

No. 1 CA-CR 19-0163
FILED 2-4-2020

Appeal from the Superior Court in Navajo County
No. S0900CR201500543
The Honorable Michael D. Latham, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joshua C. Smith
*Counsel for Appellee*

Weagant Law Offices PLC, Florence
By Megan Weagant
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Diane M. Johnsen joined.

---

**M O R S E,** Judge:

¶1        Brandy Lee Brents appeals his convictions and sentences for two counts of aggravated assault.  He argues that the trial court abused its discretion by denying his motion for a competency examination pursuant to Rule 11 of the Arizona Rules of Criminal Procedure.  He further contends that the trial court erred by denying his additional request for a court-appointed expert to examine his mental condition at the time of the offense for a legal insanity defense.  For the reasons that follow, we affirm.

### FACTS[1] AND PROCEDURAL BACKGROUND

¶2        Brents was incarcerated in the Navajo County Jail.  Brents became "angry" and "really upset" when the jail changed his meal plan from diabetic to regular.  In protest, he refused to return his meal tray, covered his cell window and undertook additional acts to prepare himself and his cell for a fight with the guards.  When a detention officer ultimately entered his cell to retrieve the tray, Brents shoved and threatened the officer.

¶3        Detention officers moved Brents to another cell later that day.  After Brents threatened to harm himself, the same detention officer entered Brents's new cell to check on his welfare and Brents "spit" in the officer's face.

¶4        The State charged Brents with two counts of aggravated assault, class 5 felonies.  Following a two-day trial, a jury convicted Brents as charged, and the trial court ultimately sentenced him to concurrent terms of five years' imprisonment for each count, consecutive to the prison sentence he was already serving.  Brents timely filed a notice of appeal.  We

---

[1]      We view the facts in the light most favorable to sustaining the verdicts and resolve all reasonable inferences against Brents.  *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

have jurisdiction pursuant to A.R.S. § 12-120.21(A)(1), 13-4031, and -4033(A)(1).[2]

## DISCUSSION

### I.      Competency Examination

**¶5**          Brents argues the trial court erred by denying his motion for a Rule 11 competency examination.  We review the trial court's denial of a competency examination for abuse of discretion.  *State v. Amaya-Ruiz*, 166 Ariz. 152, 162 (1990).

**¶6**          In his motion, filed on July 17, 2017, counsel for Brents asserted that he had "concern about [Brents's] mental health."  The motion stated that Brents had been receiving care in the psychiatric unit in the Department of Corrections and that "[a]t this time, counsel can only speculate about [Brents's] mental and physical health."  The trial court held oral argument on the motion on August 3, 2017.

**¶7**          During oral argument, the trial court clarified that "nobody is denying that Mr. Brents may have some significant mental illnesses," but based upon its experience with Brents in previous cases, the court noted that those illnesses had not prevented Brents from assisting in his defense in the past.  The court then asked defense counsel if Brents could assist with his defense.  After explaining communication difficulties with Brents, counsel stated, "[i]f I could keep him focused, I think he could be a help, but it's hard for me to keep him focused."  The trial court stated that its present observations of Brents were similar to what the court saw in the prior cases and did not raise sufficient concern that Brents was incompetent to stand trial.  The court found that, as in previous cases, Brents understood his rights and his attorney's role.

**¶8**          The court continued, however, that it would reconsider its decision if Brents supplied additional medical records or information supporting his request.  Trial began on November 13, 2018, and Brents did not provide any new or supplemental information about his mental condition.  He also did not file another Rule 11 motion.

**¶9**          A defendant has a due process "right not to be tried or convicted while incompetent."  *Amaya-Ruiz*, 166 Ariz. at 161 (quoting *Drope v. Missouri*, 420 U.S. 162, 172 (1975)).  Rule 11 protects that right by allowing

---

[2]      Absent material changes from the relevant date, we cite current versions of statutes and rules.

a defendant an examination of his competency to stand trial when "reasonable grounds for an examination exist." Ariz. R. Crim. P. 11.2(a)(2)-(d) (2017); *see also* A.R.S. § 13-4503(C), -4505(A). "Reasonable grounds exist if there is sufficient evidence to indicate that the defendant is not able to understand the nature of the proceedings against [the defendant] and to assist in [the] defense." *State v. Salazar*, 128 Ariz. 461, 462 (1981) (citations omitted); *see* Ariz. R. Crim. P. 11.1(a)(2), (b). A competency examination is required only if "there was or should have been a good faith doubt about the defendant's ability . . . to participate intelligently in the proceedings." *State v. Delahanty*, 226 Ariz. 502, 505, ¶ 8 (2011) (quoting *State v. Cornell*, 179 Ariz. 314, 322-23 (1994)); *see* A.R.S. § 13-4503(C); Ariz. R. Crim. P. 11.2(a), (c). The trial court may rely upon its own observations to determine whether reasonable grounds exist. *State v. Moody*, 208 Ariz. 424, 443, ¶ 48 (2004).

¶10 We conclude that the trial court did not err. Defense counsel represented that he was experiencing difficulties communicating with Brents at certain times concerning particular topics and said he could only "speculate" about Brents's mental-health condition. Counsel for Brents did not avow, however, that Brents was unable to understand the nature of the proceedings or to assist in his defense. *See State v. Taylor*, 160 Ariz. 415, 418 (1989) (citing *State v. Roper*, 140 Ariz. 459, 463 (App. 1984)). Defense counsel did not challenge the court's assertion that Brents understood his rights and the roles of counsel and the court. The trial court remarked that defense counsel's experience resembled what the court had observed with Brents in prior cases, and it saw no present behavior indicating a need to order the Rule 11 examination. *See Moody*, 208 Ariz. at 443, ¶ 48.

¶11 Further, the trial court made clear that its decision to deny the motion was based upon the information presented at that time. The trial court informed Brents's counsel that it would consider any additional information that might change the court's decision, including medical reports from the mental health professionals Brents had seen at the Department of Corrections. Our supreme court has held that in the absence of additional evidence, the trial court does not abuse its discretion by denying a Rule 11 competency request based only upon defense counsel's asserted concerns regarding a defendant's "peculiar behavior." *State v. Williams*, 122 Ariz. 146, 153-54 (1979); *see also State v. Verdugo*, 112 Ariz. 288, 289 (1975) (affirming denial of competency evaluation where motion was based on "only the statements of counsel relating to defendant's low intelligence, moodiness, confusion, and inability to clearly relate the facts involved."). Moreover, Brents's conduct at trial, including his testimony discussed, *infra* ¶ 18, removed any concern about his competence to stand

trial. *See Cornell*, 179 Ariz. at 323 ("Doubts about a defendant's competence may be removed by his conduct at trial.") (citation omitted). The trial court therefore did not abuse its discretion.

## II.     Mental Health Examination for an Insanity Defense

**¶12**         Brents also argues the trial court erred by denying his simultaneous request for a court-ordered mental-health examination for the purpose of a possible insanity defense. We review the trial court's denial of a motion to appoint a mental health expert for such purpose for abuse of discretion. *State v. Schurz*, 176 Ariz. 46, 54 (1993).

**¶13**         Brents filed a "Notice of Defenses and Defense Disclosure" on July 13, 2017, asserting the affirmative defense of guilty except insane. In his Rule 11 motion, Brents also requested the appointment of a mental health expert to explore a guilty except insane defense. The trial court addressed this issue during oral argument on August 3rd and denied the request.

**¶14**         The trial court cited several reasons for its decision (reasons similar to those the court cited in denying Brents's request for a competency examination), including its prior experiences with him. The court stated that, in a previous trial, Brents raised an insanity defense that was "extensively litigated" and rejected by the jury. The court stated that because "all of those records and examinations were contemporaneous with this particular offense" and the present offenses occurred "very close in time to the previous offenses," Brents had not met the initial threshold for an insanity plea. The court further explained, however, that it would reconsider its decision if Brents presented the court with "different" or "additional" information.

**¶15**         A trial court may appoint a mental-health expert to examine a defendant and provide a screening report concerning his mental condition at the time of an offense when "a reasonable basis exists to support the plea of insanity." A.R.S. § 13-4506(A); *see* Ariz. R. Crim. P. 11.2(a) (2017). "A person may be found guilty except insane if, at the time of the commission of the criminal act, the person was afflicted with a mental disease or defect of such severity that the person did not know the criminal act was wrong." A.R.S. § 13-502(A).

**¶16**         Although the prior rejection of an insanity defense by a jury in another case is not particularly relevant to whether the defense is properly raised in this case, the trial court did not err in finding defense counsel's motion was insufficient. Brents's counsel did not assert in his

motion or at the oral argument that a mental disease or defect prevented Brents from knowing his criminal acts were wrong; he stated only that the video recording of the incident reflected behavior that was "beyond [a] rational reaction."  On appeal, Brents contends that the trial court failed to consider several factors concerning his legal sanity: his history of mental illness, his attempt to self-harm, and the possibility that the diet change affected his behavior.  None of the conditions he describes satisfies the definition for legal insanity. *Id.* ("Conditions that do not constitute legal insanity include . . . momentary, temporary conditions arising from . . . circumstances . . . passion growing out of anger . . . or other motives in a person who does not suffer from a mental disease or defect . . . manifested only by criminal conduct."); *see State v. Tamplin*, 195 Ariz. 246, 248-49, ¶ 12 (App. 1999) (holding that "wrong" for an insanity defense is defined by community standards of morality and not personal beliefs).  Consequently, Brents failed to allege facts sufficient to establish a preliminary showing under A.R.S. § 13-502(A).  *See Ake v. Oklahoma*, 470 U.S. 68, 74, 82-83 (1985) (holding that a defendant's right to a psychiatric evaluation arises if the defendant makes a preliminary showing that sanity at the time of the offense will be a significant factor at trial); *see also State v. Williams*, 166 Ariz. 132, 139 (1987) (holding that due process clause requires the appointment of a mental health expert only when reasonably necessary following a minimal showing of insanity).

¶17         Furthermore, the trial court specified that Brents could renew his request with new, supplemental, or additional information, and referred again to obtaining a mental health report from the Department of Corrections.  Brents did not do so for the following fifteen months that preceded trial.

¶18         At trial, Brents testified, and he admitted that he shoved the officer.  He claimed he did so because he was angry and "to keep [the officer] from pepper spraying" him.  He also stated that he did it as a protest against the Department of Corrections changing his diet.  Brents denied spitting on the officer, stating, instead, that he had "some stuff in [his] mouth" from the cell.  Brents did not provide any evidence sufficient to establish an insanity defense that he did not know the spitting conduct was "wrong". *Tamplin*, 195 Ariz. 246, 248-49, ¶ 12.  Nor did he ask for a jury instruction regarding the affirmative defense of guilty except insane.

¶19         Although the trial court invited Brents to offer additional evidence to support his request for a screening examination, he did not offer such evidence, nor did he pursue the issue of his mental condition at trial

or sentencing.  *See State v. Herrera*, 176 Ariz. 21, 32 (1993) (citing *Ake*, 470 U.S. at 82-83).  Accordingly, the trial court did not abuse its discretion.

## CONCLUSION

¶20        We affirm Brents's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:  AA