NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JONATHAN DAVID VELA, *Appellant.*

No. 1 CA-CR 20-0258
FILED 4-15-2021

Appeal from the Superior Court in Maricopa County
No.  CR2016-002390-001
The Honorable Gregory Como, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

The Susser Law Firm PLLC, Chandler
By Adam M. Susser
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Maria Elena Cruz joined.

---

H O W E, Judge:

¶1 Jonathan Vela appeals his jury conviction and sentence for one count of burglary in the third degree, a class 4 non-dangerous but repetitive felony. His counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising this Court that he found no arguable questions of law and asking us to search the record for fundamental error. Vela has filed a supplemental brief in propria persona, which the Court has considered. After reviewing the record, we affirm Vela's conviction and sentence.

### FACTS AND PROCEDURAL HISTORY

¶2 We view the facts in the light most favorable to sustaining the judgment and resolve all reasonable inferences against Vela. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998). A woman heard her dog barking in her enclosed backyard on April 28, 2015. The woman checked on the dog and saw a man with long hair and tattoos standing between two sheds and rummaging through a burlap sack that belonged to her. She told the man he should not be there, turned away toward her house, and told her daughter to call 911. When the woman turned back, the man was gone. The woman searched the alley and found the man adjusting his clothes and hair by a bicycle.

¶3 Sergeant Trantor first responded to the 911 call and found a man in the alleyway adjusting his clothes. Sergeant Trantor immediately detained the man, whom the woman later identified as the man in her backyard. Based on this incident and a previous incident, a grand jury indicted Vela on five felony offenses, which included burglary in the third degree, a class 4 felony, and possession of marijuana. The State further alleged that Vela had two prior felony convictions and committed the burglary while released from confinement and under aggravating circumstances.

¶4        In December 2016, Vela participated in a settlement conference. The court informed Vela of the charges and the State's case. The court told Vela that if he was convicted on all counts in the indictment, he could serve anywhere from 14.5 years to 62 years' imprisonment, including the time he was currently serving for convictions in unrelated cases. The court then explained the State's plea offer, to which Vela said "I don't take seven [years] for something I didn't do." The court suggested that Vela discuss the matter with counsel, but Vela responded "[i]t's my life" and declined the plea.

¶5        On Vela's motion, the court severed the burglary count from all other counts. At trial, the victim identified Vela as the man in her backyard rummaging through her belongings and testified that he was not supposed to be there. Detective Peckins testified to his involvement responding to the call, including his interview with the victim and the victim's fenced-in backyard. Sergeant Trantor testified that he was the first responding officer to the scene and that he apprehended Vela in the alleyway. He detained Vela until the victim identified Vela as the burglar. The State rested and Vela elected not to testify in his defense.

¶6        Vela moved for a judgment of acquittal which was denied. Trial resumed the next day and the defense rested. The court properly instructed the jury on the burdens of proof, presumption of innocence, and the elements of the offense. After argument and deliberation, the jury found Vela guilty. The State provided two additional witnesses for its aggravation allegations and the jury was instructed on aggravation. The jury found that the State proved that the burglary was committed while Vela was on probation and committed in expectation of pecuniary gain.

¶7        About a week later, Vela entered a plea agreement in which he pled guilty to felony possession of marijuana, a class six felony, in exchange for the dismissal of the remaining charges and sentencing allegation of committing the offense while on release. Vela stated that he had read and "under[stood] the terms of the plea agreement." The court discussed Vela's prior felony convictions and the sentencing range of the plea, which Vela said he understood.

¶8        After the trial and change of plea but before sentencing, Vela moved to change counsel and requested oral argument. He further claimed that "he did have trouble thinking, consintrating [sic], and extreme anxiety that affected the outcome of his trial." At the oral argument, Vela orally moved for a Rule 11 evaluation. The court granted both the motion for new counsel and the oral motion for Rule 11 evaluation and reset Vela's sentence

pending the evaluation. Three doctors evaluated Vela. Two found Vela incompetent and the other found Vela competent and that he was "grossly exaggerated and disingenuous" at the competency examination.

**¶9**         The court found Vela "unable to understand the nature of the proceedings and/or is unable to assist counsel in [his] defense" and was therefore incompetent under A.R.S. § 13-4510. The court ordered treatment and a subsequent written status report to be submitted to the court and set a non-evidentiary status hearing. At the ensuing hearing, the court found Vela competent for sentencing as recommended by the status report. The court sentenced Vela to the presumptive term of ten years' imprisonment for the burglary conviction and three years' imprisonment for possession of marijuana. The sentences were concurrent to each other but consecutive to Vela's current sentences on two unrelated convictions.

**¶10**         Vela did not appeal the sentence. A year and a half after later, however, he filed a notice of post-conviction relief asserting ineffective assistance of counsel for failing to file an appeal, stating he could not reach his appellate attorney. Despite the late notice of post-conviction relief, the court granted relief by extending the time Vela could file a delayed notice of appeal in view of the manifest injustice, citing Rule 32.1(f) of the Arizona Rules of Criminal Procedure. Vela timely filed his delayed notice of appeal.

## DISCUSSION

**¶11**         Vela's counsel has advised this Court that after a diligent search of the entire record, he has found no arguable question of law. In his supplemental brief, Vela argues that he was incompetent during his trial and therefore requests a new trial. He asserts that because he has a history of mental illness and had been declared incompetent in a previous proceeding, he was incompetent to stand trial in this proceeding and that if not incompetent, he would likely have accepted the initial plea agreement. We review Vela's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512 ¶ 12 (App. 2011). To prevail under this standard of review, a defendant must establish that (1) error exists, (2) the error is fundamental, and (3) the error caused him prejudice. *State v. Smith*, 219 Ariz. 132, 136 ¶ 21 (2008).

**¶12**         We find no error. At any time after a defendant is indicted, "the court may, on motion or on its own, order a defendant's examination to determine whether the defendant is competent to stand trial." Ariz. R. Crim. P. Rule 11.2(a). Trial courts are under a continuing duty to inquire into a defendant's competency, and to order a Rule 11 examination *sua*

*sponte* if reasonable grounds exist. Ariz. R. Crim. P. Rule 11.2(a); *State v. Amaya-Ruiz*, 166 Ariz. 152, 162 (1990). Reasonable grounds exist if sufficient evidence indicates that the defendant is "unable to understand the nature and objective of the proceedings or to assist in his or her defense because of a mental illness, defect, or disability." Ariz. R. Crim. P. Rule 11.1(a)(2); *State v. Salazar*, 128 Ariz. 461, 462 (1981). A defendant is not incompetent to stand trial merely because the defendant has been diagnosed with a mental illness, defect, or disability. Ariz. R. Crim. P. Rule 11.1(b).

**¶13** The record before the trial court did not provide reasonable grounds for it to have *sua sponte* ordered a Rule 11 examination. Nothing showed that Vela had been declared incompetent before the settlement conference or trial. At the settlement conference, the trial court explained the terms of the plea agreement and the State explained the evidence it would present at trial, and Vela replied that he would not serve time for something he did not do. Contrary to his assertions, Vela appeared aware of the State's evidence and the consequences of rejecting the guilty plea.

**¶14** No evidence showed that he did not know the roles of his defense attorney, the prosecutor, the witnesses, or the judge, or that he was incompetent to assist his attorney. A previous determination of incompetency in an unassociated proceeding, especially one not before the court, does not compel a trial court to *sua sponte* order a competency evaluation. *See* Ariz. R. Crim. P. 11.1(a)(2); *see also Salazar*, 128 Ariz. at 462. The trial court did not err in proceeding to trial.

**¶15** Vela further alleges, however, that he told his attorney that he was incompetent and requested she move for a competency evaluation. The record shows no such request, however. To the extent that he is claiming that his attorney's failure to request an evaluation constitutes ineffective assistance of counsel, he must raise this claim in a petition for post-conviction relief under Arizona Rule of Criminal Procedure 32. *State v. Spreitz*, 202 Ariz. 1, 3 ¶ 9 (2002).

**¶16** We have further reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. Vela was represented by counsel through trial and sentencing. The sentence imposed was within the statutory guidelines. We decline to order further briefing and affirm Vela's conviction and sentence. Upon the filing of this decision, defense counsel shall inform Vela of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme

Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Vela shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

**CONCLUSION**

¶17      For the foregoing reasons, we affirm Vela's conviction and sentence.



AMY M. WOOD • Clerk of the Court
FILED:   AA